# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### DECEMBER SESSION, 1997

FILED

February 3, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| STATE OF TENNESSEE, | ) | C.C.A. NO. 03C01-9706-CC-00210 |
|---|---|---|
| Appellee, | ) | |
| | ) | SEVIER COUNTY |
| VS. | ) | |
| | ) | HON. BEN W. HOOPER, II |
| JOSEPH PENDERGRASS, | ) | JUDGE |
| Appellant. | ) | (Certified Questions) |

## ON APPEAL FROM THE JUDGMENT OF THE
## CIRCUIT COURT OF SEVIER COUNTY

FOR THE APPELLANT:

EDWARD C. MILLER
Public Defender
Fourth Judicial District
P.O. Box 416
Dandridge, TN 37725

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

MICHAEL J. FAHEY, II
Assistant Attorney General
425 5th Avenue North
Nashville, TN 37243-0490

AL SCHMUTZER, JR.
District Attorney General

MIKE GALLEGOS
Assistant District Attorney General
Sevier County Courthouse
Sevierville, TN 37862

OPINION FILED _____

APPEAL DISMISSED

DAVID H. WELLES, JUDGE

# OPINION

This appeal attempts to present certified questions of law pursuant to Rule 3(b) of the Tennessee Rules of Appellate Procedure and Rule 37(b)(2) of the Tennessee Rules of Criminal Procedure. The certified questions primarily involve the legality of a stop of a motor vehicle and a subsequent search and seizure resulting therefrom. Because we conclude that this matter is not properly before us, we dismiss this appeal.

In April of 1996, a Pigeon Forge, Tennessee police officer stopped the Defendant's vehicle because he thought the vehicle's windows violated the motor vehicle window tinting law. The Defendant was driving and the officer determined that the Defendant's driver's license was revoked and that the Defendant was an habitual motor vehicle offender. A search of the vehicle resulted in the seizure of about a pound of marijuana.

The Defendant was indicted for possession of marijuana with intent to sell and for operating a motor vehicle in violation of the Motor Vehicle Habitual Offender's Act. The Defendant filed a motion to dismiss the motor vehicle habitual offender's indictment on the basis that it failed to allege a culpable mental state. He filed a motion to suppress all evidence obtained as a result of the stop, alleging that both the stop and the resultant search were illegal. The trial court overruled the Defendant's motions. Immediately thereafter, the Defendant entered an "open plea" to each count of the indictment "expressly reserving the right to appeal the certified questions raised in the Motions

Hearing." The trial judge entertained the guilty pleas from the Defendant on the record and then stated, "Okay. We will then deal with this matter on April 25, 1997." The judge neither announced nor entered a judgment of conviction or a sentence.

Approximately two months later an order was entered overruling the Defendant's motions, accepting the Defendant's pleas of guilty and allowing the Defendant's appeal of the following certified questions of law:

> 1. Whether the stop and subsequent arrest of the defendant was unlawful and therefore whether the marijuana found in the search of the defendant's car should have been suppressed.
>
> 2. Whether, if the stop and arrest of the defendant were lawful, were the search and seizure of the marijuana nonetheless unlawful and therefore should the marijuana have been suppressed.
>
> 3. Whether the indictment in this case should have been dismissed for failing to include the culpable mental state of "knowing."

The Defendant filed a notice of appeal from this order. The record contains no judgment of conviction or sentencing order.

The Defendant has attempted to reserve his certified questions pursuant to Rule 37(b)(2) of the Tennessee Rules of Criminal Procedure, which provides that:

> An appeal lies "from any order or judgment in a criminal proceeding where the law provides for such appeal, and from any judgment of conviction : (2) [u]pon a plea of guilty or nolo contendere if: (i) defendant entered into a plea agreement under Rule 11(e) but explicitly reserved with the consent of the state and of the court the right to appeal a certified question of law that is dispositive of the case; (iv) Defendant explicitly reserved with the consent of the court the right to appeal a certified question of law that is dispositive of the case.

Tenn. R. Crim. P. 37(b)(2)(i) & (iv).

Our supreme court has also prescribed guidelines that must be adhered to in order to perfect an appeal by Rule 37(b)(2)(i) and (iv). In State v. Preston, 759 S.W.2d 647 (Tenn. 1988), and again in State v. Pendergrass, 937 S.W.2d 834 (Tenn. 1996), the court held:

> This is an appropriate time for this Court to make explicit to the bench and bar exactly what the appellate courts will hereafter require as prerequisites to the consideration of the merits of a question of law certified pursuant to Tenn. R. Crim. P. 37(b)(2)(i) or (iv). Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved. For example, where questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise. Without an explicit statement of the certified question, neither the defendant, the State nor the trial judge can make a meaningful determination of whether the issue sought to be reviewed is dispositive of the case. Most of the reported and unreported cases seeking the limited appellate review pursuant to Tenn. R. Crim. P. 37 have been dismissed because the certified question was not dispositive. Also, the order must state that the certified question was expressly reserved as part of a plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the question is dispositive of the case. Of course, the burden is on defendant to see that these prerequisites are in the final order and that the record brought to the appellate courts contains all of the proceedings below that bear upon whether the certified question of law is dispositive and the merits of the question certified. No issue beyond the scope of the certified question will be considered.

Pendergrass, 937 S.W.2d at 836-37 (citing Preston, 759 S.W.2d at 650) (emphasis added). The Defendant bears the burden of "reserving, articulating, and identifying the issue." Pendergrass, 937 S.W.2d at 838.

In the present case, it is clear from the record that the Defendant, with the agreement of the State and the trial court, attempted to reserve certified questions concerning the validity of the stop, the search, and the indictment. It is equally clear, however, that <u>Preston</u>, <u>Pendergrass</u>, and Rule 37 of the Tennessee Rules of Criminal Procedure have not been followed. There is no final order or judgment in the record from which the time begins to run to pursue a T.R.A.P. 3 appeal. The questions of law set forth in the order entered by the trial court are not stated so as to clearly identify the scope and the limits of the legal issues reserved. The reasons relied upon by the Defendant in the trial court at the suppression hearing are not identified in the statement of the certified question of law. There is no judgment of conviction. Obviously, at the time of the appeal, the Defendant had been neither convicted nor sentenced, so the underlying issues attempted to be presented on appeal are not necessarily dispositive of the case.

Given the clear, mandatory language of <u>Preston</u> and <u>Pendergrass</u>, we must conclude that this appeal is not properly before us. Accordingly, we dismiss the appeal of the certified questions and remand the case to the trial court for such further proceedings as may be appropriate.

_____
DAVID H. WELLES, JUDGE

-5-

CONCUR:

-6-


_____
DAVID G. HAYES, JUDGE


_____
THOMAS T. WOODALL, JUDGE