IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

SEPTEMBER 1997 SESSION

FILED

March 17, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. # 01C01-9608-CR-00370 |
| Appellee, | * | DAVIDSON COUNTY |
| VS. | * | Hon. Frank G. Clement, Jr., Judge |
| ALTON B. APPLEGATE, | * | (DUI) |
| Appellant. | * | |

For Appellant:

Justin Johnson, Attorney
Suite 205
2131 Murfreesboro Road
Nashville, TN 37217

For Appellee:

Charles W. Burson
Attorney General and Reporter

Daryl J. Brand
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

Bernard McEvoy
Assistant District Attorney General
Washington Square, Suite 500
222 Second Avenue North
Nashville, TN 37201-1649

OPINION FILED:_____

APPEAL DISMISSED; JUDGMENT OF TRIAL COURT AFFIRMED

GARY R. WADE, JUDGE

The defendant, Alton B. Applegate, was indicted by the Davidson County Grand Jury for driving under the influence of an intoxicant, third offense. Thereafter, the defendant pled guilty to DUI, second offense. The trial court imposed a sentence of eleven months and twenty-nine days in jail, all of which was suspended except for forty-five days. The defendant was prohibited from driving for two years and required to perform one hundred hours of public service, enter an alcohol treatment program, and submit to other conditions. The defendant attempted to reserve a certified question of law for appeal. See Tenn. R. Crim. P. 37(b)(2). Because he failed to comply with the mandatory requirements of Rule 37(b)(2), as interpreted in State v. Preston, 759 S.W.2d 647 (Tenn. 1988), and as confirmed in State v. Pendergrass, 937 S.W.2d 834 (Tenn. 1996), we must dismiss the appeal.

On May 23, 1995, Metro Police Department Officers John Tankersley and Harold Taylor established a roadblock to control traffic on a closed portion of Smith Springs Road. Signs on a barricade indicated that the road was closed to all but local traffic. The officers attempted to stop all of the vehicles to determine "if they were local." Citations were issued for drivers who passed through the closed roadway in violation of the restriction.

The defendant was stopped as he attempted to pass through the signage at approximately 6:15 P.M. Officer Tankersley flagged down the defendant, asked for his license, and smelled alcohol when questioning him as to his use of the road. The defendant was charged with DUI.

Prior to trial, the defendant filed a motion to suppress evidence of his

intoxication on the basis that there was no probable cause for his arrest. The trial court ruled that the stop was, in fact, based on probable cause and ruled the evidence admissible. Defense counsel then remarked that "it may be for a point of certifying the issue for appeal."

Sometime later, on March 14, 1996, the trial court entered a judgment accepting the defendant's guilty plea to DUI, second offense; the form provides that the "case [is] pending appeal." On April 11, 1996, the defendant filed a notice of appeal that contained the following language:

> [The defendant] appeals to the Court of Criminal Appeals, pursuant to Tennessee Rule of Criminal Procedure 37(b)(2)(i), the certified question of law ... that was agreed to with the consent of the State and the Court and that was included in the Defendant's plea bargain agreement accepted by the Court on March 14, 1996.

Seven days after the filing of the notice, the trial court entered an order providing as follows:

> This cause came on to be heard on March 14, 1996 at which time the defendant entered into a plea agreement with the Assistant District Attorney, pursuant to Tennessee Rule of Criminal Procedure 37(b)(2)(i) reserving a question of law for appeal.
> The certified question was expressly reserved as part of the plea agreement, and the Assistant District Attorney General and the Trial Judge consented to the reserved issue and are of the opinion that the question is dispositive of the case.
> The certified question is stated as follows: "Whether the statements given by the defendant and the subsequent evidence obtained therefrom was the product of an illegal stop/seizure/arrest of the defendant ... and whether this evidence should be suppressed."

The state now submits that the defendant failed to properly preserve the certified question of law. We must agree. In Preston, 759 S.W.2d at 650, our supreme court established prerequisites to any consideration of a certified question

3

of law:

> Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, <u>the final order of judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant</u> for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved. For example, where questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge .... Also, the order must state that the certified question was expressly reserved as a part of the plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the question is dispositive of the case .... No issue beyond the scope of that certified question will be considered.

(Emphasis added).

In this case, the judgment form does not comply with the requirements of <u>Preston</u>. The order entered a week after the notice of appeal is insufficient to cure the defect. <u>Pendergrass</u>, 937 S.W.2d at 834. These circumstances are indistinguishable from those in <u>Pendergrass</u>. In that case, the judgment entered made no reference to a certified question of law. The subsequent notice of appeal referred to "'Rule 37.'" <u>Id.</u> at 835. A week after the filing of the notice of appeal, the trial court entered an order "purporting to note the appeal of a certified question of law." <u>Id.</u> The Court of Criminal Appeals found the late entered order constituted "substantial compliance." <u>Id.</u> at 836. Our supreme court disagreed and dismissed the appeal:

> As a general rule, a trial court's judgment becomes final thirty days after its entry unless a timely notice of appeal or a specified post-trial motion is filed. The jurisdiction of the Court of Criminal Appeals attaches upon the filing of the notice of appeal and, therefore, the trial court loses jurisdiction. <u>Once the trial court loses jurisdiction, it</u>

4

> generally has no power to amend its judgment. Indeed, it is well-settled that a judgment beyond the jurisdiction of a court is void.... The attempt at compliance was too late, as the trial court lost jurisdiction ... when the defendant filed the notice of appeal.

Id. at 837-38 (emphasis added)(citations omitted).

Accordingly, the appeal must be dismissed and the judgment of the trial court must be affirmed.

_____
Gary R. Wade, Judge

CONCUR:


_____
Thomas T. Woodall, Judge


_____
Curwood Witt, Judge

5