# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee, | ) | **C. C. A. NO. 02C01-9712-CC-00488** |
| | ) | |
| vs. | ) | **FAYETTE COUNTY** |
| | ) | |
| **SHERI JO COLE CLEMENTS,** | ) | **NO. 4483** |
| | ) | |
| Appellant. | ) | |

FILED

June 26, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

## O R D E R

This matter is before the Court upon the state's motion to dismiss. The appellant did not file a response. Based upon our review of the entire record before the Court, we affirm the judgment of the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals.

The appellant in this case pled guilty to driving under the influence, fourth offense, driving on a revoked license, and child endangerment. The appellant received an effective eleven months and twenty-nine day sentence and a fine of $1,200. Prior to entering the guilty pleas, the appellant filed a motion to suppress the results of the blood alcohol test performed subsequent to the appellant's arrest. After a hearing, the trial court denied the motion. The appellant has attempted to reserve the right to appeal the suppression issue.

In State v. Preston, 759 S.W.2d 647, 650 (Tenn. 1988), our Supreme Court stated that when a defendant pleads guilty and wishes to reserve a certified question of law pursuant to Tenn. R. Crim. P. 37(b)(2)(i) or (iv), "the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved." Id. at 650. It is the defendant's responsibility to assure that the final order complies with these requirements and that

the record on appeal contains the proceedings necessary to a complete determination. Id.

In this case, the appellant failed to explicitly reserve the right to appeal a certified question of law that was dispositive of the case as mandated by Tenn. R. Crim. P. 37(b)(2)(i), (iv) and Preston. The trial court's order which purportedly certifies the question of law was not the final order from which the time began to run to pursue an appeal as of right. Moreover, "the judgments do not contain an identification of the scope and limits of the legal issue reserved as required. Nor do the judgments contain any statement in satisfaction of the reservation requirements, nor do they contain any statement that the question is dispositive, all explicitly required by Preston." State v. Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996). Nor does the sentencing order, which was entered after the judgments, refer to any certifed question of law. As our Supreme Court has stated, these "mandatory" requirements are "unambiguous." Id. In addition, these requirements apply "regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise." Preston, 759 S.W.2d at 650.

For these reasons, we are precluded from considering whether the trial court properly denied the appellant's motion to suppress. IT IS, THEREFORE, ORDERED that the state's motion is granted and the judgment of the trial court is hereby affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules. Costs are taxed to the appellant.

Enter, this the ___ day of June, 1998.

_____
JOE G. RILEY, JUDGE

3

_____
PAUL G. SUMMERS, JUDGE

_____
DAVID G. HAYES, JUDGE