# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### AUGUST SESSION, 1998

FILED

February 2, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 01C01-9709-CC-00394** |
| | ) | |
| Appellee, | ) | |
| | ) | **LINCOLN COUNTY** |
| **V.** | ) | |
| | ) | |
| | ) | **HON. CHARLES LEE, JUDGE** |
| **TIMMY BEAVERS,** | ) | |
| | ) | |
| Appellant. | ) | **(SECOND DEGREE MURDER)** |

FOR THE APPELLANT:                    FOR THE APPELLEE:

**CURTIS H. GANN**                         **JOHN KNOX WALKUP**
District Public Defender               Attorney General & Reporter

**DONNA L. HARGROVE**                **ELIZABETH B. MARNEY**
Assistant Public Defender            Assistant Attorney General
                                                 2nd Floor, Cordell Hull Building
**JOHN H. DICKEY**                        425 Fifth Avenue North
Assistant Public Defender            Nashville, TN  37243

**MICHAEL D. RANDLES**               **WILLIAM MICHAEL McCOWN**
Assistant Public Defender            District Attorney General
P.O. Box 1119
Fayetteville, TN  37334               **WEAKLEY E. BARNARD**
                                                 Assistant District Attorney General
                                                 Marshall County Courthouse, Room 407
**GERALD L. GULLEY, JR.**            Lewisburg, TN  37091
P.O. Box 1708
Knoxville, TN  37901-1708
(ON APPEAL ONLY)

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

Following the denial of his motion to suppress evidence, the Defendant, Timmy Beavers, entered a best-interest plea to second degree murder, reserving the right to appeal the trial court's denial of his motion to suppress certain evidence. An agreed upon sentence of thirty (30) years was entered by the trial court.

To more clearly understand how this case came before this Court, we will give a brief recitation of the procedural history. On October 2, 1995, a search warrant was issued and samples of Defendant's hair, saliva, and blood were obtained. On September 17, 1996, Defendant was indicted on one count of premeditated first degree murder. Defendant filed a motion to suppress the DNA samples, and following a hearing, the trial court ordered the evidence to be suppressed. On April 22, 1997, the State filed a motion to obtain hair, saliva, and blood samples from Defendant. The trial court granted the State's motion and issued an order and second search warrant to obtain the samples from Defendant. On May 23, 1997, a superseding indictment was issued, charging Defendant with one count of premeditated murder and one count of murder committed during an attempted rape. The initial indictment was dismissed by the State. On June 30, 1997, Defendant filed a second motion to suppress the seized samples of hair, saliva, blood, and some clothing. The trial court denied this motion on September 16, 1997. A judgment was entered on July 29, 1997, on Defendant's best-interest guilty plea to second degree murder with an agreed sentence of thirty (30) years. The judgment form reflects that Defendant reserved the right to appeal the trial court's "ruling on motion to suppress." Defendant filed his notice of appeal.

This Court dismissed Defendant's direct appeal on September 23, 1998, because the certified question noted on the judgment form did not meet the requirements set forth in State v. Pendergrass, 937 S.W.2d 834 (Tenn. 1996), State v. Preston, 759 S.W.2d 647 (Tenn. 1988), or Rule 37 of the Tennessee Rules of Criminal Procedure. Thereafter, counsel for Defendant discovered that the Order setting forth the certified questions to be considered on appeal was inadvertently placed with certain sealed documents and was therefore not made part of the record on appeal. Defendant timely filed in this Court a Petition to Rehear. Attached as exhibits to the Petition to Rehear was an Affidavit of the Lincoln County Circuit Court clerk and a certified copy of the Order setting forth Defendant's certified questions.

In the Affidavit, the clerk stated that "[d]ue to inadvertence by the Clerk's office [ ] this Order was mistakenly filed with certain documents that were sealed and not sent with the technical record. As a result of this mistake by the Clerk's office, the Order of August 4, 1997 was never made part of the record on appeal." By Order filed October 22, 1998, this Court then requested a response from the State to Defendant's Petition to Rehear. The State did not contest Defendant's reason for seeking a rehearing, but nevertheless argued that the certified questions of law reserved by Defendant did not clearly identify the scope and the limits of the legal issues.

After due consideration of the trial court's Order and the certified questions presented therein, this Court granted Defendant's Petition to Rehear. The certified questions, as set forth in the Order, read as follows:

> 1. On April 22, 1997, the State filed a motion and affidavit to obtain certain evidence (blood, saliva, pubic hairs, head hairs) from the person of Timothy Beavers. After a series

of hearings was held, the Court granted the State's motion. The certified question concerns the issue of whether the Court erred in allowing hearsay testimony and in finding that sufficient probable cause existed to grant the State's motion to obtain said evidence.

2. On June 30, 1997, the defendant filed a motion to suppress evidence, to wit: blood, saliva, public [sic] hairs and head hairs, obtained pursuant to a search warrant issued on May 9, 1997. Said motion raised issues which are incorporated by reference herein. On July 16, 1997, the Court denied the defendant's motion, finding the search warrant and subsequent search and seizure valid. The certified question concerns the issues presented in the motion to suppress previously filed by the defendant and whether the Court erred in denying the defendant's motion to suppress said evidence by finding that the search warrant and subsequent search and seizure were valid.

After a careful review of the legal issues presented, we affirm the judgment of the trial court.

Rule 37(b)(2)(i) of the Tennessee Rules of Criminal Procedure provides in pertinent part as follows:

(b) An appeal lies from any order or judgment in a criminal proceeding where the law provides for such appeal, and from any judgment of conviction: (2) upon a plea of guilty or nolo contendere if: (i) defendant entered into a plea agreement under Rule 11(e) but explicitly reserved with the consent of the State and of the court the right to appeal a certified question of law that is dispositive of the case.

Our supreme court has also prescribed guidelines that must be adhered to in order to perfect an appeal by Rule 37(b)(2)(i). In State v. Preston, 759 S.W.2d 647 (Tenn. 1988), and again in State v. Pendergrass, 937 S.W.2d 834 (Tenn. 1996), the court held:

This is an appropriate time for this Court to make explicit to the bench and bar exactly what the appellate courts will hereafter require as prerequisites to the consideration of the merits of a question of law certified pursuant to Tenn. R. Crim. P. 37(b)(2)(i) or (iv). **Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved. For example, where questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question**, absent a constitutional requirement otherwise. Without an explicit statement of the certified question, neither the defendant, the State nor the trial judge can make a meaningful determination of whether the issue sought to be reviewed is dispositive of the case. Most of the reported and unreported cases seeking the limited appellate review pursuant to Tenn. R. Crim. P. 37 have been dismissed because the certified question was not dispositive. Also, the order must state that the certified question was expressly reserved as part of a plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the question is dispositive of the case. Of course, **the burden is on defendant to see that these prerequisites are in the final order and that the record brought to the appellate courts contains all of the proceedings below that bear upon whether the certified question of law is dispositive and the merits of the question certified.** No issue beyond the scope of the certified question will be considered.

Pendergrass, 937 S.W.2d at 836-37 (citing Preston, 759 S.W.2d at 650) (emphasis added). The Defendant bears the burden of "reserving, articulating, and identifying the issue." Pendergrass, 937 S.W.2d at 838.

In Defendant's appellate brief, the issues presented for review are framed as follows:

> 1. Did the trial court err by allowing the State to petition the Court for an Order allowing the State to obtain samples of bodily fluids and hairs from the Defendant in violation of Tennessee Constitution article I, § 7 and U.S. Constitution amendment IV, after the trial court suppressed samples of the same items earlier taken pursuant to a search warrant?
>
> 2. Did the trial court err by finding that the State had established probable cause that the Defendant had committed a crime sufficient to support a search warrant, or Order of the Court, to obtain samples of the Defendant's bodily fluids and hair?

It appears that Defendant has substantially deviated from the certified questions of law as set forth previously in this opinion, despite the straightforward and mandatory language found in Preston and Pendergrass. Again, our review is limited to the issues stated in the certified questions set forth in the trial court's Order and we will not go outside those boundaries. See Pendergrass, 937 S.W.2d at 836-37.

Defendant's first issue as set forth in his brief cannot even be liberally interpreted as being encompassed in either of the certified questions in the trial court's Order. Therefore, the first issue is not proper for review. However, even if addressed on the merits, it is still without merit. State v. Bobby Baker recognized two procedural methods for obtaining evidence: (1) a search warrant or (2) a motion seeking a judicial order with an adversarial evidentiary hearing. C.C.A. No. 02-C-01-9511-CC-00347, slip op. at 7, Tipton County (Tenn. Crim. App, Jackson, Jan. 27, 1997), perm. to appeal denied (Tenn. 1997). Defendant was given an adversarial evidentiary hearing in this case to determine whether the evidence established

-6-

probable cause for issuance of the search warrant. The hearing was procedurally correct and Defendant's argument is without merit.

Defendant's first certified question of law as set forth in the Order has not been briefed by Defendant and should therefore not be addressed. However, even in addressed on the merits, we find that Defendant's first certified question as set forth in the Order still does not comply with the requirements set forth in Pendergrass and Preston. The first certified question states that it concerns "the issue of whether the [c]ourt erred in allowing hearsay testimony and in finding that sufficient probable cause existed to grant the State's motion to obtain said evidence." We do recognize that our supreme court appears to have relaxed the Preston requirements somewhat by its order in State v. Sarah Hutton Downey, C.C.A. No. 03C01-9307-CR-00221, Hamilton County (Tenn. Crim. App., Knoxville, July 6, 1994), aff'd (Tenn. 1997). In Downey, this Court dismissed an appeal of a certified question of law, finding "in this case the final order simply incorporated by reference various issues the appellant raised in several motions before the trial court." Id. at 3. Our supreme court remanded the case "for consideration of the certified issue," and set forth what it had determined the certified issue to be. State v. Sarah Hutton Downey, Order (filed Oct. 31, 1994). However, we have no such incorporation in this case. Although this question does identify hearsay as the reason relied upon by Defendant at the suppression hearing, it does not indicate the nature of the purported hearsay testimony, what witness or witnesses allegedly testified to hearsay testimony, why the hearsay testimony was inadmissible, or how the hearsay testimony affected the outcome of the suppression hearing. In other words, the certified question is not stated so as to clearly identify the scope and the

-7-

limit of the legal issue reserved. Therefore, we must conclude on the merits that Defendant's first certified question is not appropriate for review.

Defendant's second issue as set forth in his brief can be liberally interpreted to be encompassed by his second certified question of law, but only on the probable cause issue. Also, since Defendant's second certified question does incorporate by reference his motion to suppress, we find the second certified question to be properly before us. The trial judge gave detailed findings of fact in determining there to be probable cause to issue a search warrant. Dean Mason testified that Defendant had consumed alcohol on the evening of the stabbing and that Defendant had told him that he would pay him back later for the alcohol. At some point during that conversation, Defendant told Mason that he would be coming into a sum of money in the very near future, possibly the next day. Robbie Byers, Defendant's roommate, testified that he and Defendant did not expect to be compensated for their roofing work for at least two or three days after the night of the murder.

Later that evening, Mason took Defendant to the trailer park where Defendant shared a trailer with Robbie Byers. At approximately 10:30 p.m., Rhonda French, Heather Schlatter and Laura Meade saw Defendant and testified that he appeared to be intoxicated. They looked for Defendant later in the trailer park to make sure he had not passed out or hurt himself because of his intoxicated state, but they never saw him again that evening.

Sometime later that evening, Defendant asked his roommate to take him to his sister's residence that was about four or five miles away, but his roommate

refused. His roommate testified that he did not see Defendant again after 11:20 p.m. Mr. Byers woke up about 2:00 a.m. and found Defendant was not in his bed.

The victim was stabbed to death sometime between 10:00 p.m. and 2:00 a.m. that evening. It was determined that some money was stolen from a water bottle at the victim's residence.

Defendant was next seen at 7:00 the next morning by his relatives. For days following the stabbing, Defendant stayed in the woods behind his sister's home and was seen on occasion going into his sister's home. On one of these occasions after the discovery of the victim's body, the police went to Defendant's sister's house in an effort to find Defendant but he refused to come to the door. The court also found that Defendant later left town under what it considered "precarious circumstances." The shirt Defendant was seen wearing on the night of the stabbing was found behind his sister's residence with human blood on it.

As the trial court noted, the State was only required to establish probable cause for issuance of a court order permitting the search. While the proof may not have established the guilt of Defendant beyond a reasonable doubt, this standard was not the State's burden. This Court is obliged to uphold the trial court's findings of fact in a suppression hearing unless the evidence preponderates against them. State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996); State v. Stephenson, 878 S.W.2d 530, 544 (Tenn. 1994). After reviewing the trial court's findings of fact and the record, we cannot conclude that the judge erred in his ruling that there was probable cause in issuing the search warrant.

Based on all the foregoing, the judgment of the trial court is affirmed.


_____
THOMAS T. WOODALL, Judge


CONCUR:


_____
JOHN H. PEAY, Judge


_____
L.T. LAFFERTY, Special Judge