**STATE of Tennessee, Appellee,**

**v.**

**Sheryl L. PENDERGRASS, Appellant.**

Supreme Court of Tennessee,
at Nashville.

Sept. 16, 1996.

Rehearing Denied Nov. 12, 1996.

Lionel R. Barrett, Jr., Lionel R. Barrett, Jr., P.C., Nashville, John Pellegrin, Gallatin, for Appellant.

Charles W. Burson, Attorney General and Reporter, Michael E. Moore, Solicitor General, Gordon W. Smith, Associate Solicitor General, Nashville, Lawrence Ray Whitley, District Attorney General, Dee David Gay, Assistant District Attorney General, Gallatin, for Appellee.

## OPINION

ANDERSON, Justice.

The threshold issue in this appeal is whether the defendant, Sheryl L. Pendergrass, in pleading guilty to a drug charge, explicitly reserved the right to appeal a certified question of law that was dispositive of the case, in accordance with the requirements of Tenn. R.Crim. P. 37(b)(2)(iv) as it was interpreted by this Court in *State v. Preston*, 759 S.W.2d 647 (Tenn.1988).

The Court of Criminal Appeals held that the defendant had substantially complied with Rule 37 to reserve for appeal a certified question of law, but affirmed the trial court's judgment on the merits.

We have determined that the defendant failed to reserve the question of law in accordance with Tenn. R.Crim. P. 37(b) as it was interpreted in *State v. Preston, supra.* Therefore, the Court of Criminal Appeals' judgment is reversed, the appeal is dismissed, and the trial court judgment is reinstated.

### BACKGROUND

Based upon information learned by the Sumner County Drug Task Force through electronic surveillance of the cordless telephone conversations of Sheryl Pendergrass in October, 1991, a search warrant was obtained for her residence. In executing the warrant on October 14, 1991, officers discovered marijuana, cocaine, and drug paraphernalia. As a result, Pendergrass was indicted on November 6, 1991, with possession of marijuana with intent to sell, possession of cocaine, and possession of drug paraphernalia.

Prior to trial, Pendergrass moved to suppress the items seized in the search of her residence on the grounds that the surveillance of her cordless telephone conversations violated her rights under the Fourth Amendment to the United States Constitution and Article I, § 7 of the Tennessee Constitution. Following a hearing, on August 14, 1992, the trial court orally denied the motion. At that time, defense counsel advised the court that in all likelihood the defendant would plead guilty and take an appeal under Rule 37.

Defense counsel stated "I think this question of law is dispositive of the case," and "I think the District Attorney has no objection to this." Thereafter, on August 26, 1992, a written order was filed denying the motion to suppress.

On November 23, 1992, the defendant entered guilty pleas to the charges in the indictment. Immediately before the guilty plea hearing, however, the defense was allowed to re-open the proof on the motion to suppress and additional testimony was presented. At the conclusion of the proof, defense counsel again stated that a Rule 37 appeal would be taken. The trial court did not make a final ruling on the motion to suppress at that time, but proceeded into colloquy with the defendant in order to determine whether the pleas were being entered voluntarily and knowingly. During the colloquy, the court told the defendant, "[n]ow if you plead guilty, these [convictions] will go on your record, of course, determined by the outcome of the appeal. But for the purposes now, we're going to assume that this is going to be it." The trial court's minutes of November 23 reflect the guilty pleas, but make no mention of a Rule 37 appeal.

After considering the supplemental evidence, the trial court, on December 15, 1992, entered a second order denying the motion to suppress. Thereafter, on January 15, 1993, the trial court conducted a sentencing hearing and imposed a total effective sentence of two (2) years in community corrections and a fine of $3,000. Judgments entered on that date in accordance with Supreme Court Rule 17 contained no reference to a reservation of the right to appeal a certified question of law dispositive of the case.

The defendant filed a notice of appeal "pursuant to Rule 37" on February 12, 1993. On February 19, 1993, the trial court entered an order, purporting to note the appeal of a certified question of law, which provides as follows:

It appears that the Defendant, SHERYL PENDERGRASS, by and through counsel, has timely filed a Notice of Appeal in this case. The Defendant is appealing a

certified question of law with regard to a Motion to Suppress evidence.

It appears that the Defendant filed a Motion to Suppress evidence based upon allegations that the State illegally obtained evidence by listening to conversations of the Defendant and other persons by electronically monitoring the Defendant's cordless telephone conversations. This Motion was heard on August 14, 1992. The Court entered an order overruling the Defendant's Motion. Subsequently on November 23, 1992 a hearing was had to supplement the record and the Court duly considered all the new evidence presented with regard to the suppression of the evidence and after considering all of the other evidence entered another order overruling the Motion to Suppress. The Defendant entered a plea of guilty on that day and subsequently a sentencing hearing was held on January 15, 1993.

The Defendant has now timely filed a Notice of Appeal and has explicitly reserved with consent of the State and of the trial court the right to appeal the certified question of law that is dispositive of the case.

In the Court of Criminal Appeals, the State sought dismissal of the appeal on the ground that the defendant had failed to comply with the requirements of Tenn. R.Crim. P. 37 as it was interpreted in *Preston.* While concluding that the January 15, 1993 judgments failed to satisfy Rule 37 and *Preston,* the intermediate court refused to dismiss the appeal, finding that the February 19, 1993 order constituted substantial compliance. The Court of Criminal Appeals then affirmed the trial court's judgment on the merits, however, finding that the surveillance did not violate the defendant's constitutional rights. Thereafter, we granted permission to appeal.

### RESERVATION OF A QUESTION OF LAW

The State argues that this appeal should be dismissed because (1) the judgments appealed from make no reference at all to reserving a certified question of law; (2) a subsequently entered order purporting to re-serve the appeal was entered after the trial court lost jurisdiction and cannot be reviewed as merely a correction of a clerical error; and (3) the subsequently entered order fails to sufficiently state a certified question or demonstrate that the question is dispositive of the case.

We begin our analysis with an examination of Tenn. R.Crim. P. 37(b) and our interpretation of the rule in *State v. Preston, supra.*

■ Tennessee Rule of Criminal Procedure 37(b)(2)(iv) provides in pertinent part as follows:

> An appeal lies ... from any judgment of conviction upon a plea of guilty or nolo contendere if [d]efendant explicitly reserved with the consent of the court the right to appeal a certified question of law that is dispositive of the case.

In *Preston,* 759 S.W.2d 647 (Tenn.1988), this Court addressed the requirements of Rule 37(b), noting that "[t]his is an appropriate time for this Court to make explicit to the bench and bar exactly what the appellate courts will hereafter require as prerequisites to the consideration of the merits of a question of law certified pursuant to Tenn. R.Crim. P. 37(b)(2)(i) or (iv)." We emphasized that

> [r]egardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal *must contain a statement of the dispositive certified question of law reserved* by defendant for appellate review and the question of law must be *stated so as to clearly identify the scope and the limits of the legal issue reserved.* For example, where questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise. Without an explicit statement of the

certified question, neither the defendant, the State nor the trial judge can make a meaningful determination of whether the issue sought to be reviewed is dispositive of the case. Most of the reported and unreported cases seeking the limited appellate review pursuant to Tenn.R.Crim.P. 37 have been dismissed because the certified question was not dispositive. Also, the order must state that the certified question was expressly reserved as part of the plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the question is dispositive of the case. Of course, the burden is on defendant to see that these prerequisites are in the final order and that the record brought to the appellate courts contains all of the proceedings below that bear upon whether the certified question of law is dispositive and the merits of the question certified. No issue beyond the scope of the certified question will be considered.

*Id.,* 759 S.W.2d at 650 (emphasis added).

■ We observe that a guilty plea constitutes a waiver of all nonjurisdictional and procedural defects or constitutional infirmities, *State v. Bilbrey,* 816 S.W.2d 71, 75 (Tenn.Crim.App.1991), and that Rule 37 provides limited exceptions for an appeal following a guilty plea. Obviously, the burden is on the defendant to satisfy the mandatory prerequisites of Rule 37, as interpreted in *Preston.*

Contrary to the explicit and unambiguous requirements of *Preston,* the three January 15, 1993 final judgments in this case, from which the time for a Tenn. R.App. P. 3 appeal began to run, make no reference at all to a reservation of a dispositive question of law for appellate review. Moreover, the judgments do not contain an identification of the scope and limits of the legal issue reserved as required. Nor do the judgments contain any statement in satisfaction of the reservation requirements, nor do they contain any statement that the question is dispositive, all explicitly required by *Preston.*

Finally, these judgments do not refer to or incorporate any other independent document which would satisfy the *Preston* requirements. Accordingly, as the Court of Criminal Appeals found, the judgments entered on January 15, 1993, completely fail to comply with Rule 37 and *Preston.*

■ The Court of Criminal Appeals, however, also found that the February 19, 1993 order was sufficient to preserve the appeal. We disagree. As a general rule, a trial court's judgment becomes final thirty days after its entry unless a timely notice of appeal or a specified post-trial motion is filed. Tenn. R.App. P. 4(a) and (c); *State v. Moore,* 814 S.W.2d 381, 382 (Tenn.Crim.App.1991). The jurisdiction of the Court of Criminal Appeals attaches upon the filing of the notice of appeal and, therefore, the trial court loses jurisdiction. *State v. Peak,* 823 S.W.2d 228, 229 (Tenn.Crim.App.1991); *compare Spence v. Allstate Ins. Co.,* 883 S.W.2d 586, 596 (Tenn.1994). Once the trial court loses jurisdiction, it generally has no power to amend its judgment. *Moore,* 814 S.W.2d at 382. Indeed, it is well-settled that a judgment beyond the jurisdiction of a court is void. *Brown v. Brown,* 198 Tenn. 600, 281 S.W.2d 492, 497 (1955).

■ Pursuant to Rule 36, Tenn. R.Crim. P., however, the trial court retains limited power to correct clerical mistakes in judgments and other errors in the record arising from oversight or omission.[1] The Court of Criminal Appeals in this case held that the February 19th order was an appropriate action under Rule 36 to correct the record to reflect the understanding of the parties. The State asserts in this Court that the order was not the mere correction of a clerical error, but instead was an attempt to confer jurisdiction on the Court of Criminal Appeals to hear and determine a *Preston* appeal where no jurisdiction existed because of noncompliance with Rule 37. We agree. The requirements of *Preston* are clear. The defendant failed to satisfy those requirements. The attempt at compliance was too late, as the trial court

---

1. Rule 36 provides as follows: "Clerical mistakes in judgments, orders, or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders."

lost jurisdiction on February 12, 1993, when the defendant filed the notice of appeal.

Moreover, assuming for the sake of argument that the trial court had jurisdiction on February 19, 1993, its order on that date is still insufficient under *Preston*. We have reviewed the February 19th order and have concluded that it does not satisfy the unambiguous mandatory prerequisites of *Preston*. The order contains no clear identification of the scope and limits of the legal issue reserved. Such an omission makes it impossible for appellate courts to exercise their proper function, which is the review of final judgments of trial courts. Under *Preston*, review on appeal must be limited to those issues "passed upon by the trial judge and stated in the certified question...." *Id.*, 759 S.W.2d at 650. This case provides a clear example of the type of confusion such a rule is intended to prevent. The defendant has argued in this Court that suppression of the evidence is required by a statute which was not even in effect when the trial court ruled upon the motion to suppress. *Preston* puts the burden of reserving, articulating, and identifying the issue upon the defendant. The defendant in this case clearly failed to fulfill that obligation. Accordingly, the appeal must be dismissed.

### CONCLUSION

Because we have determined that the defendant failed to explicitly reserve the right to appeal a certified question of law that was dispositive of the case, in accordance with the requirements of Tenn. R.Crim. P. 37(b)(2)(iv) as it was interpreted by this Court in *State v. Preston*, 759 S.W.2d 647 (Tenn.1988), the Court of Criminal Appeals' judgment is reversed, the appeal is dismissed, and the trial court judgment is reinstated. Costs of this appeal are taxed to the defendant, Sheryl L. Pendergrass, for which execution may issue if necessary.

BIRCH, C.J., and DROWOTA, REID and WHITE, JJ., concur.