# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

## SEPTEMBER 1998 SESSION

FILED

December 8, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | C.C.A. No. 01C01-9708-CR-00359 |
| | ) | |
| vs. | ) | Sumner County |
| | ) | |
| SHERYL L. PENDERGRASS, | ) | Hon. Jane Wheatcraft, Judge |
| | ) | |
| Appellant. | ) | (Certified Question - Motion to Suppress) |


FOR THE APPELLANT:

**DAVID A. DOYLE**
District Public Defender
117 E. Main St.
Gallatin, TN 37066
Clifton, TN 38425

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**DARYL J. BRAND**
Senior Counsel for the State
425 Fifth Ave. N., 2d Floor
Nashville, TN 37243-0493

**LAWRENCE RAY WHITLEY**
District Attorney General

**DEE GAY**
Asst. District Attorney General
113 W. Main St.
Gallatin, TN 37066


OPINION FILED:_____

**AFFIRMED**

**JAMES CURWOOD WITT, JR., JUDGE**

## OPINION

The defendant, Sheryl L. Pendergrass, appeals a certified question of law pursuant to Rule 37(b)(2)(I), Tennessee Rules of Criminal Procedure. In the Sumner County Criminal Court, the defendant pleaded guilty to three drug offenses, subject to reservation of the certified question. In her certified question, the defendant contends that law enforcement officers infringed on her rights to be free of unreasonable searches and seizures pursuant to the Fourth Amendment of the United States Constitution and article 1, section 7 of the Tennessee Constitution. We affirm the judgment of the trial court.

In 1991, the defendant's cordless telephone conversations were intercepted by the Sumner County Drug Task Force by use of police scanners and tape recorders. The intercepted conversations substantiated the defendant's involvement in the drug trade, and they formed the basis of the state's case against the defendant. A motion to suppress was heard and denied in 1992. The defendant pleaded guilty a few months later, subject to reservation of a certified question of law. This court ruled on the certified question in 1995. We held that the trial court correctly denied the suppression motion. State v. Sheryl L. Pendergrass, No. 01C01-9306-CR-00169 (Tenn. Crim. App., Nashville, Mar. 9, 1995). In 1996, the supreme court reversed our ruling, holding that the defendant had not properly reserved her certified question, and therefore, the substantive issue was not properly before the court. See State v. Pendergrass, 937 S.W.2d 834 (Tenn. 1996). On March 25, 1997, the defendant obtained post-conviction relief from the trial court, and her plea was set aside. Then, in 1997, she again pleaded guilty, this time properly reserving her certified question of law. No further evidence was presented in the trial court on the suppression issue. The case is now before this court with the same substantive issue and evidence on which we ruled in 1995.

In Sheryl L. Pendergrass, a panel of this court considered the very issue which is before us again. In a thoughtful opinion, the panel held that although Pendergrass had a subjective expectation of privacy in her cordless phone conversations, her expectation was not objectively reasonable. Sheryl L. Pendergrass, slip op. at 14-28. Therefore, state and federal constitutional protections did not mandate suppression of the evidence. Sheryl L. Pendergrass, slip op. at 14-28. Although the supreme court later reversed this court's ruling in the case, the basis for the reversal was the defendant's failure to reserve explicitly the certified question for appellate review. Pendergrass, 937 S.W.2d at 838. Thus, the supreme court did not consider the propriety of our holding on the substantive issue.

Following the successful post-conviction proceedings and the second guilty plea, the defendant has returned to this court with exactly the same case on the merits as in 1995. Since our 1995 opinion, neither this court nor the Tennessee Supreme Court has had occasion to consider the constitutional ramifications of warrantless electronic surveillance of cordless telephone conversations. The United States Supreme Court has been silent on this issue, as well. The logic and citations of the earlier panel's decision are compelling. The facts are identical. As such, we adhere to our earlier ruling in State v. Sheryl L. Pendergrass, No. 01C01-9306-CR-00169 (Tenn. Crim. App., Nashville, Mar. 9, 1995), and once again we affirm the trial court's determination that the evidence was not subject to suppression.

_____
JAMES CURWOOD WITT, JR., JUDGE

3

CONCUR:


_____
GARY R. WADE, PRESIDING JUDGE


_____
THOMAS T. WOODALL, JUDGE