IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

**STATE OF TENNESSEE v. CLIFFORD DOUGLAS PEELE**

**Direct Appeal from the Criminal Court for Carter County**
**No. 8027    Arden L. Hill, Judge (on plea) & R. Jerry Beck, Judge (on motion)**

---

**No. E1999-00907-CCA-R3-CD - Decided June 20, 2000**

---

Defendant Clifford Douglas Peele pled guilty to first degree murder, second degree burglary, and grand larceny. Defendant subsequently filed a motion to withdraw his guilty plea on the ground that the sentence had not yet been imposed for the first degree murder conviction. The trial court denied the motion and imposed a life sentence for the first degree murder conviction. Defendant subsequently filed a second motion to withdraw his guilty plea on the ground that his counsel had provided ineffective representation. The trial court denied the second motion. Defendant seeks to appeal the trial court's denial of his motion to withdraw his guilty plea. This appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

WOODALL, J. delivered the opinion of the court, in which TIPTON, J. and GLENN, J. joined.

Kenneth F. Irvine, Jr., Knoxville, Tennessee, for the appellant Clifford Douglas Peele (on appeal); Bob McD. Greene, Johnson City, Tennessee, for the appellant Clifford Douglas Peele (on plea at trial); and H. R. Fallin, Mountain City, Tennessee, for the appellant Clifford Douglas Peele (on motion at trial).

Paul G. Summers, Attorney General and Reporter, Elizabeth B. Marney, Assistant Attorney General, Joe C. Crumley, Jr., District Attorney General, David Crockett, Asssistant District Attorney General, and Michael LaGuardia, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. BACKGROUND**

On December 6, 1982, Defendant pled guilty to first degree murder, second degree burglary, and grand larceny. That same day, the trial court sentenced Defendant for the second degree burglary and grand larceny convictions. However, sentencing for the first degree murder conviction was postponed by agreement of Defendant and the State until after Defendant had testified against his co-defendants.

On February 22, 1990, Defendant filed his first motion to withdraw his guilty plea on the ground that he had not yet been sentenced for his first degree murder conviction. Following a hearing on April 30, 1990, the trial court denied Defendant's motion to withdraw his guilty plea and the court imposed a life sentence for the first degree murder conviction. The judgment imposing the life sentence was filed on May 22, 1990. Defendant did not appeal the denial of his first motion to withdraw his guilty plea.

On June 21, 1990, Defendant filed a second motion to withdraw his guilty plea on the ground that he had received ineffective assistance of counsel before, during, and after his plea hearing. On April 29, 1999, the trial court conducted a hearing on Defendant's second motion to withdraw his guilty plea. The trial court entered an order denying the motion on May 19, 1999.

## II. ANALYSIS

In this case, well-established procedural rules prohibit us from addressing the merits of Defendant's claims.

Initially, we note that Defendant argues that we should consider his second motion to withdraw his guilty plea filed June 21, 1990, to be a continuation of his first motion to withdraw his guilty plea filed February 22, 1990, and he urges us to review the trial court's denial of both motions. Defendant has cited no authority for this proposition, and we reject it. Defendant did not appeal the denial of his first motion to withdraw his guilty plea and he cannot challenge the propriety of that denial in this proceeding. Thus, only the denial of the second motion to withdraw Defendant's guilty plea is at issue here.

Appeals of right by a defendant in a criminal case are governed by Rule 3(b) of the Tennessee Rules of Appellate Procedure. Rule 3(b) provides:

> In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, if the defendant entered into a plea agreement but explicitly reserved with the consent of the state and the trial court the right to appeal a certified question of law dispositive of the action, or if the defendant seeks review of the sentence and there was no plea agreement concerning the sentence, or if the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had. The defendant may also appeal as of right from an order denying or revoking probation, and from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding.

Tenn. R. App. P. 3(b). In this case, Defendant was convicted of first degree murder, second degree burglary, and grand larceny based on his entry of a guilty plea and he is now attempting to appeal as of right the trial court's denial of his motion to withdraw his guilty plea. However, this Court has previously held that, "[a]n appeal as of right from the trial court's order denying [a motion to withdraw a guilty plea] is not contemplated by Rule 3(b) of the Tennessee Rules of Appellate

Procedure." State v. Kawaski Devel Taylor, No. W1998-006560-CCA-R3-CD, 2000 WL 279893, at *2 (Tenn. Crim. App., Jackson, Mar. 10, 2000).

A defendant's motion to withdraw his or her guilty plea is governed by Rule 32(f) of the Tennessee Rules of Criminal Procedure. Rule 32(f) provides:

> A motion to withdraw a plea of guilty may be made upon a showing by the defendant of any fair and just reason only before sentence is imposed; but to correct manifest injustice, the court after sentence, but before the judgment becomes final, may set aside the judgment of conviction and permit the defendant to withdraw the plea.

Tenn. R. Crim. P. 32(f) (emphasis added). Under the express language of this rule, a trial court has no authority to set aside judgment and permit a withdrawal of a guilty plea after a judgment becomes final. Kawaski Devel Taylor, 2000 WL 279893, at *2.

"As a general rule, a trial court's judgment becomes final thirty days after its entry unless a timely notice of appeal or a specified post-trial motion is filed." State v. Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996). "Once the trial court loses jurisdiction, it generally has no power to amend its judgment." Id. "Indeed, it is well-settled that a judgment beyond the jurisdiction of a court is void." Id.

In this case, the challenged judgment was entered on May 22, 1990. Thus, the judgment became final on June 21, 1990. The filing of Defendant's motion to withdraw his guilty plea on June 21, 1990, had no effect on the finality of the judgment. This Court has specifically held that "the filing of a motion to withdraw a plea of guilty does not suspend the time within which a judgment of conviction based upon the guilty plea becomes final. If the trial court has not ruled upon the motion to withdraw the guilty plea prior to the time the judgment becomes final, the motion becomes moot because the trial court no longer has authority to grant the motion." Kawaski Devel Taylor, 2000 WL 279893, at *2. Therefore, judgment in this case became final on June 21, 1990, and the trial court had no jurisdiction to rule on the motion after that date. See Pendergrass, 937 S.W.2d at 837. Thus, the trial court's order of May 19, 1999, denying Defendant's motion to withdraw his guilty plea is a nullity and Defendant has nothing to appeal. See Kawaski Devel Taylor, 2000 WL 279893, at *3.

Accordingly, Defendant's attempt to appeal from the trial court's denial of his motion to withdraw his guilty plea is DISMISSED.