IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
On Briefs September 21, 2000

## STATE OF TENNESSEE v. DEMETRIUS LEVAR MCNEIL

**A Direct Appeal from the Criminal Court for Shelby County**
**No. JV-00063     The Honorable Chris Craft, Judge**

---

**No. W2000-00276-CCA-R3-CD - Filed November 8, 2000**

---

Juvenile convicted in criminal court in *de novo* trial of appeal from juvenile court appeals the criminal court order denying his motion pursuant to Tenn.R.Crim.P. 36 to correct a clerical error. Juvenile asserts that although the criminal court ruled that there was no clerical error, the criminal court, in failing to remand the case to a juvenile court, committed plain error for which relief should be granted. Upon finding that the criminal court had no jurisdiction to retain the case, the case is remanded to the criminal court to modify the sentencing order by remanding to the juvenile court.

**Tenn.R.App.P. 3; Appeal as of Right; Judgment of the Criminal Court Remanded**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

Mark A. Mesler, Memphis, For Appellant, Demetrius Levar McNeil

Paul G. Summers, Attorney General & Reporter
Kim R. Helper, Assistant Attorney General, For Appellee, State of Tennessee

### OPINION

On September 28, 1998, a petition was filed in juvenile court against Demetrius Levar McNeil, defendant/ appellant, to find him delinquent. The petition alleged that on May 25, 1998, Defendant committed aggravated sexual battery against four named minors. Following a hearing in the Shelby County Juvenile Court, the referee sustained the petition and found Defendant delinquent. The referee recommended that Defendant be placed under the care and supervision of the Youth Services Bureau subject to further orders of the juvenile court. On December 10, 1998, the juvenile court confirmed the findings and recommendations of the referee. On December 22, 1998, Cherri Hatton, mother of Defendant, filed a notice of appeal to the Criminal Court of Shelby County. Defendant filed a request for a rehearing before the judge in juvenile court; however, an

order dismissing the rehearing was entered on December 23, 1998, stating that Defendant requested that the court dismiss the rehearing as he wished to appeal the original ruling.

In February of 1999, a jury trial was held in Shelby County Criminal Court, and the Defendant was found guilty of three of the four charged counts of aggravated sexual battery. On March 4, 1999, a sentencing hearing was held and an order entered pursuant to T.C.A. § 37-1-137(c) committing Defendant to the Department of Children's Services until February 13, 2002, Defendant's nineteenth birthday. On May 18, 1999, Defendant filed a petition for suspension of the remainder of his sentence which was denied. On August 4, 1999, Defendant filed a motion to correct an error in judgment pursuant to Rule 36 of the Tennessee Rules of Criminal Procedure. Defendant averred that pursuant to § 37-1-159 (c) (Supp. 1999), the order entered March 4, 1999, should be corrected to show that the case was remanded to juvenile court for enforcement of the order rendered by the criminal court. On November 12, 1999, Defendant filed a petition to modify the order of March 4, 1999, to provide for home placement and supervision by the Department of Human Services. The record reflects that a hearing was held on that motion, and the motion was withdrawn after testimony from a representative of the department testified that he was not in favor of home placement. A hearing was held on December 10, 1999 on Defendant's motion to correct, and an order denying the motion was entered on the same date, stating in pertinent part:

> On December 10, 1999, a hearing was had on the instant motion, which was denied. Appellant alleges that this Court's commitment order, styled Findings and Recommendations, entered May 26, 1999, contains a clerical error which should be corrected. Tenn. R. Crim. P. 36 states as follows:
>
>> Clerical mistakes in judgments, orders, or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders.
>
> This Court's order committing appellant to the Department of Children's Services was not a "clerical error" which should be corrected by this court. The order itself was not appealed by appellant, who seeks now to attack the ruling collaterally by asserting that it contains a clerical error which can be corrected at any time.
>
> Although Tenn. Code Ann. § 37-1-159 ( c) states in part that "the criminal court... shall remand the case to the juvenile court for enforcement of the judgment rendered by the criminal court...," Tenn. Code Ann. § 37-1-137(a)(1)(B) states in pertinent part that

If a juvenile offender is *tried and adjudicated delinquent* in juvenile court *for the offense of ...aggravated sexual battery...* the commitment may be for a determinate period of time but in no event shall the length of commitment be greater than the sentence for the adult conviction of the same crime, nor shall such commitment extend past the offender's nineteenth birthday. (Emphasis added)

Section (g) (3) of that statute further states that:

*In the event the juvenile offender is a person described in subdivision (a)(1)(B) and is given a determinate commitment,* and the commissioner or the commissioner's designee is of the opinion that the juvenile offender is a fit subject for discharge, the commissioner or the commissioner's designee shall request a hearing *before the judge of the juvenile court in which the original commitment occurred.* The request shall state the reasons for recommending the discharge and shall make specific recommendations as to where the child will be placed. A copy of the request for a hearing shall be supplied to the district attorney general. If, on review of the record, the court is of the opinion that the request is well taken and the district attorney has no objection, the judge may order the placement without a hearing. Otherwise the court shall schedule a hearing within fifteen (15) days of the receipt of the request for hearing. At the hearing, the department, the juvenile offender and the state shall be given an opportunity to be heard in support of or in opposition to the proposed discharge and all of the parties may subpoena witnesses to testify on any issue raised by the proposed discharge. The court may make such orders pertaining to the continued commitment or discharge as the court determines are justified under the proof produced at the hearing. (Emphasis added).

This Court feels that since this Court heard the facts as brought out during the jury trial, this trial was a *de novo* appeal from juvenile court, and this Court was the committing court, that although juvenile court may enforce the judgment by transporting appellant to the

Department of Children's Services, this Court is the proper forum for deciding whether or not any change in the appellant's placement should be warranted. To hold otherwise would be to allow a judge unfamiliar with the facts of appellant's offense to decide appellant's plan of rehabilitation, which would not be in the best interests of the child. This Court entered its commitment order with that purpose in mind. If the order had been appealed, and an appellate court had decided that the above statutes mandated a remand to juvenile court, to have a different judge not familiar with the facts determine as to whether or not a determinate commitment was warranted, this Court would have gladly relinquished jurisdiction. However, that order was not appealed, and this Court's order should not now be subject to collateral attack under the guise of correcting a "clerical error." This Court felt it was in the best interest of the child, as well as in accordance with and in the spirit of the above statutes, to enter the order it did, and although subject to appellate review if it had been appealed, the order does not contain any clerical errors, and is not subject to Rule 36.

It is from this order that Defendant appeals raising one issue as stated in his brief:

Whether the trial court erred by denying the appellant's motion to correct error in judgment pursuant to Rule 36 of the Tennessee Rules of Criminal Procedure, where T.C.A. § 37-1-159 ( c) mandates that, following a finding of delinquency, the criminal court remand a case to juvenile court for enforcement of the judgment rendered by the jury.

In his brief Defendant concedes that Rule 36 is intended only to grant trial courts limited power over cases that have been disposed of to correct clerical mistakes in judgment and other errors in the record arising from an over sight or omission. *See State ve. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996). However, Defendant submits that his Rule 36 motion was filed in a good faith effort to correct the trial court's error. Defendant argues that his present counsel was hired in August of 1999, and at the time of the motion was unaware of whether the failure of the trial court to remand the case to juvenile court was intentional. Defendant states in his brief that in retrospect, it is clear from the order denying his motion, that the trial court intentionally did not remand the case to juvenile court. Defendant requests that if this Court finds that the Rule 36 motion was an improper means by which to bring this issue to this Court's attention, that this Court use its discretion to review the instant case pursuant to Tenn.R.App.P. 13 (b) and Tenn.R.Crim.P. 52.

The state makes no response to appellant's assertion that the criminal court did not comply with the mandate of T.C.A. § 37-1-159(c)(Supp. 1999), but merely contends that Rule 36 is

inapplicable, because defendant is not seeking to correct a clerical error but instead seeks to make a substantive change in the judgment order.

"A judgment in a criminal case becomes final 30 days after its entry or overruling of a motion for new trial, and thereafter, a trial court has no jurisdiction to modify it." *State v. Miller,* No. 02C01-9708-CC-00300, 1998 WL 902592 *2 , (Tenn. Crim. App. Dec. 29, 1998); (citing *State v. Charles Alvin Haney*, No. 839 (Tenn. Crim. App., March 29, 1989) (citations omitted)); *see also State v. Thomas,* No. 03C01-9504-CR-00109, 1995 WL 676396 (Tenn. Crim. App., , Nov. 15, 1995). To insure the stability of criminal case judgments, they can not be changed unless such change is made to correct illegal sentencing or to correct clerical errors pursuant to Rule 36 of the Tennessee Rules of Criminal Procedure. *State v. Thomas*, at *1.

> In making changes for clerical error, the record in the case must show that the judgment entered omitted a portion of the judgment of the court or that the judgment was erroneously entered. The most reliable indicator that clerical error was made is the transcript of the hearing or other papers filed in connection with the proceedings which show the judgment was not correctly entered. In the absence of these supporting facts, a judgment may not be amended under the clerical error rule after it has become final.

*Id.*

The trial judge correctly ruled that there is no clerical error, because, as he made very clear in his order overruling appellant's Rule 36 motion, he intended to retain jurisdiction "for deciding whether or not any change in the appellant's placement should be warranted." However, our inquiry should not end here. We must bear in mind that we are dealing with a juvenile, and quite appropriately the legislature has declared its intention in dealing with juveniles that stray "outside the law." T.C.A. § 37-1-101 (1996) provides in part:

> **37-1-101. Purpose - Jurisdiction.** - (a) This part shall be construed to effectuate the following public purposes:
>
> (1) Provide for the care, protection, and wholesome moral, mental and physical development of children coming within its provisions;
>
> (2) Consistent with the protection of the public interest, remove from children committing delinquent acts that taint of criminality and the consequences of criminal behavior and substitute therefor a program of treatment, training and rehabilitation;
>
> (3) Achieve the foregoing purposes in a family environment whenever possible, separating the child from such child's parents

only when necessary for such child's welfare or in the interest of public safety;

(4) Provide a simple judicial procedure through which this part is executed and enforced and in which the parties are assured a fair hearing and their constitutional and other legal rights recognized and enforced;

\* \* \*

Appeals from delinquency proceedings in juvenile court are to the criminal court for a trial *de novo*. T.C.A. § 37-1-159 (Supp. 1999). The statute further provides:

**37-1-159. Appeals. -**

\* \* \*

(b) An appeal does not suspend the order of the juvenile court, nor does it release the child from the custody of that court or of that person, institution or agency to whose care the child has been committed. Pending the hearing, the criminal court or circuit court may make the same temporary disposition of the child as is vested in juvenile courts; provided, that until the criminal court or circuit court has entered an order for temporary disposition, the order of the juvenile court shall remain in effect.

(c) When an appeal has been perfected, the juvenile court shall cause the entire record in the case, including the juvenile court's findings and written reports from probation officers, professional court employees or professional consultants, to be taken forthwith to the criminal court or circuit court whose duty it is, either in term or in vacation, to set the case for an early hearing. When an appeal is taken from a juvenile court's decision that involves the removal of a child or children from the custody of their natural and/or legal parents or guardian or from the department of children's services, or when the decision appealed involves the deprivation of a child's liberty as a result of a finding that such child engaged in criminal activity, such hearing shall be held within forty-five (45) days of receipt of the findings and reports. **In its order, the criminal court or circuit court shall remand the case to the juvenile court for enforcement of the judgment rendered by the criminal court or circuit court.** Appeals from an order of the criminal court or circuit court pursuant to this subsection may be carried to the court of appeals as provided by law. (Emphasis added).

-6-

\* \* \*

It is apparent from the language of the statute that the legislature intended that the juvenile be afforded a right to a jury trial in the criminal court, but that the custodial jurisdiction of the juvenile court should continue. Such an intent is apparent to foster the purposes of the jurisdiction provided for in T.C.A. § 37-1-101 (1996). It is obvious from a fair reading of T.C.A. § 37-1-159 (Supp. 1999) that the legislature intended to provide the juvenile with all due process rights by having the trial in criminal court. It quite clearly provides that the appeal did not release the child from the custody of the juvenile court and that the order of the criminal court "shall remand the case to the juvenile court for enforcement of the judgment." Under these circumstances, it appears that the failure of the trial court to make such a provision constitutes "plain error."

As we construe the trial court's order from which this appeal is taken, the trial court has specifically retained jurisdiction of the enforcement of its judgment. We believe a fair reading of § 37-1-159 (b) and (c) mandates that the trial court, under this statute, has no jurisdiction to act otherwise than to remand to the juvenile court enforcement of its order. The trial court's retention of jurisdiction by failure to remand is void.

Accordingly, the case is remanded to the trial court for an amendment of its March 4, 1999 judgment to remand the case to the juvenile court for enforcement of the judgment, as required by T.C.A. § 37-1-159 (c)(Supp. 1999). Costs of the appeal are assessed to the State of Tennessee.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.