# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

### STATE OF TENNESSEE v. HENRY MARTINEZ

**Direct Appeal from the Circuit Court for Davidson County**
**No. 99-C-2062    J. Randall Wyatt, Jr., Judge**

---

**No. M2005-01661-CCA-R3-CD - Filed November 23, 2005**

---

On December 17, 1999, Defendant, Henry Martinez, pled guilty to the Class A felony offense of conspiracy to sell more than 300 pounds of marijuana. Under the negotiated plea agreement, he received a sentence of fifteen (15) years as a Range I, standard offender. Also, pursuant to the negotiated plea agreement, the State dismissed a charge of possession with intent to deliver seventy (70) pounds of marijuana within 1000 feet of a school, as long as he testified truthfully against his co-defendants in the case. On July 19, 2004, Defendant filed a motion to withdraw his guilty plea. The motion was denied by the trial court and defendant has appealed to this Court. The State has filed a motion to affirm the judgment of the trial court pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals. We conclude that the motion has merit, grant same, and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed Pursuant to Rule 20 of the Tennessee Court of Criminal Appeals**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Henry Martinez, Tiptonville, Tennessee, *pro se*.

Paul G. Summers, Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; and Victor S. (Torry) Johnson III, District Attorney General, and Lisa Naylor, Assistant District Attorney General, for the appellee, the State of Tennessee.

### MEMORANDUM OPINION

It appears from the record that Defendant testified truthfully against his co-defendants. However, it also appears that the State, approximately one (1) year after Defendant's guilty plea, re-indicted Defendant on the charge of possession with intent to deliver seventy (70) pounds of marijuana in the school zone. On Defendant's motion, the trial court dismissed that indictment pursuant to the prohibition against double jeopardy.

In the case *sub judice*, the trial court's order denying the motion to withdraw plea of guilty sets forth the findings of fact by the trial court and states in its entirety as follows:

## ORDER

This cause came on to be heard on September 24, 2004, on the Defendant's Motion to Withdraw Plea of Guilty. It appears to the Court as follows:

1. On December 17, 1999, the Defendant entered his plea in this case to conspiracy [to sell] over 300 pounds of marijuana and received a 15 year sentence as a standard, Range I, 30 percent offender. The State agreed as part of this plea bargain to dismiss the charge of possession over 70 pounds of marijuana in a school zone.

2. One year later, on December 14, 2000, the State re-indicted the school zone charge in Case No. 2000-D-2259. This charge was subsequently dismissed on the [D]efendant's motion pursuant to the double jeopardy provisions in the Constitution.

3. To the extent that the subsequent charge adversely impacted the [D]efendant's parole consideration in his hearing on December 5, 2001, causing him to have had his parole consideration deferred for five years, the Court finds this impact to be manifestly unfair.

4. While the Court has no power to order the Board of Paroles to reconsider a case, the Court hopes that the Board will give this order due consideration.

5. The Court must deny the Defendant's Motion to Withdraw his plea because the motion was not filed within the proper time limit.

Entered this the 6th day of October, 2004.

      /s/ J. Randall Wyatt
      J. RANDALL WYATT, JUDGE

Pursuant to Rule 32(f) of the Tennessee Rules of Criminal Procedure, a trial court may grant a defendant's motion to withdraw his or her guilty plea after the defendant has been sentenced, before judgment becomes final, but only upon a showing of manifest injustice. The pertinent provision of this rule, which is applicable in this case, is that the motion to withdraw the guilty plea must have been filed before the judgment became final. Tenn. R. Crim. P. 32(f). A trial court's judgment becomes final thirty (30) days after its entry unless a timely notice of appeal or specified post-trial motion is filed. *See* Tenn. R. App. P. 4(a) and (c); *State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996). There is no indication in the record that any motion was filed preventing the judgment from becoming final thirty (30) days after December 17, 1999. The motion to withdraw

the guilty plea was filed over four (4) years after the judgment became final. Even if the motion was treated as a petition for post-conviction relief, it was not filed within one year of the date on which the judgment became final, and therefore, is barred by the statute of limitations. Tenn. Code Ann. § 40-30-102(a) (2003).

Defendant is not entitled to relief in this appeal.

## CONCLUSION

The judgment rendered by the trial court in this case was in a proceeding before the trial judge without a jury, the judgment is not a determination of guilt, and the evidence does not preponderate against the findings of the trial court. No error of law requiring a reversal of the judgment is apparent on the record. Accordingly, the judgment of the trial court is affirmed pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

_____
THOMAS T. WOODALL, JUDGE