IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JULY 1998 SESSION

FILED

October 6, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| CLAUDE E. MOSLEY, JR., | * | C.C.A. # 03C01-9710-CR-00473 |
| Appellant, | * | SULLIVAN COUNTY |
| VS. | * | Hon. R. Jerry Beck, Judge |
| STATE OF TENNESSEE, | * | (Post-Conviction) |
| Appellee. | * | |

For Appellant:

Claude E. Mosley, Pro Se
TDOC #249824
HCCF
P.O. Box 549
Whiteville, TN  38075

For Appellee:

John Knox Walkup
Attorney General & Reporter

Ellen H. Pollack
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN  37243

Joseph Eugene Perrin
Assistant District Attorney General
140 Blountville Bypass
P.O. Box 526
Blountville, TN  37617-0526

OPINION FILED:_____

REVERSED AND REMANDED

GARY R. WADE, PRESIDING JUDGE

## OPINION

The petitioner, Claude E. Mosley, Jr., appeals from the trial court's denial of post-conviction relief. The issue presented for review is whether the trial court erred by ruling that the petition was barred by the statute of limitations and by dismissing the petition without an evidentiary hearing or the appointment of counsel. We reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

On March 19, 1996, the petitioner pled guilty to theft under $10,000.00. Tenn. Code Ann. §§ 39-14-103, -105(3). At the same time, he also pled guilty to violating a habitual traffic offender order. Tenn. Code Ann. § 55-10-616. For the latter conviction, the trial court imposed a Range I, one-year sentence. In a probation hearing, originally scheduled for May 3 but held on June 7, the trial court denied probation and sentenced the defendant to the Department of Correction. On June 21, 1996, the judgment form was entered upon the court minutes.

The petitioner did not appeal the judgment of the trial court. He mailed this petition for post-conviction relief on June 3, 1997, and it was filed two days later. He challenged the habitual traffic offender conviction on the basis that he was illegally charged, that he received ineffective assistance of counsel, and that his guilty plea was neither knowingly nor voluntarily entered. In defense, the state contended that the defendant's post-conviction petition was barred by the one-year statute of limitations, citing March 19 as the date judgment was entered. See Tenn. Code Ann. § 40-30-202(a). Pursuant to Tenn. Code Ann. § 40-30-206, the trial court dismissed the petition with prejudice, listing the following grounds:

2

> 1. The Petitioner's date of conviction was March 19, 1996.
> 2. No appeal was taken from this conviction.
> 3. The Petitioner filed his petition for relief on June 5, 1997. This petition was filed too late. T.C.A. Section 40-30-202.

The Post-Conviction Procedure Act of 1995 provides that the petitioner "must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgement became final." Tenn. Code Ann. § 40-30-202(a). As a general rule, the judgment becomes final thirty days after its entry by the clerk. State v. Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996); Tenn. R. App. P. 4.

Here, there was no appeal or motion for new trial. The final judgment, which was entered upon the court minutes on June 21, 1996, became final July 21, 1996. In consequence, the petitioner had until July 21, 1997, to file his petition for post-conviction relief. Tenn. Code Ann. § 40-30-202(a). The petition was filed within the limitations period.

Accordingly, the judgment of the trial court is reversed. We remand this cause for appointment of counsel, an opportunity to amend the petition for post-conviction relief, and an evidentiary hearing.

_____
Gary R. Wade, Presiding Judge

3

CONCUR:


_____
Joseph M. Tipton, Judge


_____
David H. Welles, Judge