**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT JACKSON**

**JANUARY 1999 SESSION**

FILED

February 5, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | **NO. 02C01-9803-CC-00088** |
| Appellee, | ) | |
| | ) | **OBION COUNTY** |
| **VS.** | ) | |
| | ) | **HON. WILLIAM B. ACREE, JR.,** |
| **LAMANIS EUGENE OWENS,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Certified Question of Law) |

**FOR THE APPELLANT:**

**JAMES H. BRADBERRY**
Court Square West
109 Poplar Street
P.O. Box 789
Dresden, TN 38225-0789

**FOR THE APPELLEE:**

**PAUL G. SUMMERS**
Attorney General and Reporter

**CLINTON J. MORGAN**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**THOMAS A. THOMAS**
District Attorney General

**JAMES T. CANNON**
Assistant District Attorney General
414 South Fourth
P.O. Box 218
Union City, TN 38261-0218

**OPINION FILED:** _____

**APPEAL DISMISSED**

**JOE G. RILEY,**
**JUDGE**

The defendant, Lamanis Eugene Owens, pled guilty in Obion County Circuit Court to possession of marijuana over one-half ounce with the intent to sell, a Class E felony. The guilty plea was entered after the trial court overruled defendant's motion to suppress evidence. Although defendant attempted to reserve the suppression issue as a certified question of law dispositive of the case, he failed to properly do so. The appeal, therefore, is DISMISSED.

**I.**

The defendant was observed making a turn in his car without signaling. Officer Scott King of the Union City Police Department made a traffic stop based upon the defendant's failure to signal. The defendant could not produce a driver's license, and King learned from the dispatcher that the defendant's driver's license was suspended. The defendant was arrested for driving on a suspended license and placed in King's patrol car.

Officer King then conducted a search of the passenger compartment of defendant's car incident to the arrest. The search yielded 285 grams of marijuana. The defendant was then arrested for possession of marijuana with the intent to sell.

The defendant subsequently filed a motion to suppress, alleging King had made an illegal pretextual stop. The defendant changed theories at the hearing on the motion and claimed the stop was invalid because he did not violate the signal statutes. *See* Tenn. Code Ann. §§ 55-8-142(a); 55-8-143(a)(requiring a signal only when other traffic may be affected by such movement).

The trial court overruled the motion to suppress, finding a lawful stop

pursuant to a traffic violation. The trial court further held the search incident to a lawful arrest and valid based upon New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981).

The defendant subsequently pled guilty to the offense. Neither the written guilty plea agreement nor the guilty plea transcript is a part of the appellate record; however, the following sentence appears in the judgment form under special conditions: "Defendant reserves the right to appeal the legality of the stop and search." This one sentence appears to be the defendant's attempt to reserve the issue for determination as a certified question of law dispositive of the case.

## II.

The state argues that the defendant failed to properly reserve a certified question of law. We must agree with the state's argument.

Tenn. R. Crim. P. 37(b)(2) specifies the avenue of appeal for a defendant who pleads guilty and desires to reserve a certified question of law dispositive of the case. The Tennessee Supreme Court explicitly outlined the requirements to properly reserve a certified question of law.

> Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved. For example, where questions of law involve the validity of searches . . . the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question . . . Also, the order must state that the certified question was expressly reserved as part of the plea agreement, that the State and the trial judge consented

3

> to the reservation, and that the State and the trial judge are of the opinion that the question is dispositive of the case. Of course, the burden is on the defendant to see that these prerequisites are in the final order and that the record brought to the appellate courts contains all of the proceedings below that bear upon whether the certified question of law is dispositive and the merits of the question certified. No issue beyond the scope of the certified question will be considered.

State v. Preston, 759 S.W.2d 647, 650 (Tenn. 1988). These requirements have been strictly interpreted by the Tennessee Supreme Court since the Preston decision. *See* State v. Pendergrass, 937 S.W.2d 834 (Tenn. 1996).

In Pendergrass, the Tennessee Supreme Court addressed a trial court's issuance of a second order of judgment in an attempt to cure the first order's failure to mention the certified question of law. Pendergrass, 937 S.W.2d at 835. The second order, filed over a month after the first, provided as follows:

> It appears that the Defendant, SHERYL PENDERGRASS, by and through counsel, has timely filed a Notice of Appeal in this case. The Defendant is appealing a certified question of law with regard to a Motion to Suppress evidence.
>
> It appears that the Defendant filed a Motion to Suppress evidence based upon allegations that the State illegally obtained evidence by listening to conversations of the Defendant and other persons by electronically monitoring the Defendant's cordless telephone conversations . . .
>
> The Defendant has now timely filed a Notice of Appeal and has explicitly reserved with consent of the State and of the trial court the right to appeal the certified question of law that is dispositive of the case.

Id. at 835-36. Although the second order was ruled untimely, the Court further stated that it also failed to comply with the "unambiguous mandatory prerequisites of Preston." Id. at 838. The Court held the second order did not clearly identify the scope and limits of the legal issue involved, making it impossible for an appellate court to properly review the final judgment of the trial court. Id.

In the instant appeal, the order of judgment contains even less information than the <u>Pendergrass</u> order. It falls short of fulfilling several of the mandates of <u>Preston</u>. The sole statement that "Defendant reserves the right to appeal the legality of the stop and search" is insufficient. As the certified question of law is not properly before this Court, the appeal is DISMISSED.

_____

**JOE G. RILEY, JUDGE**

**CONCUR:**

_____

**DAVID G. HAYES, JUDGE**

_____

**JOHN EVERETT WILLIAMS, JUDGE**