IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

STATE OF TENNESSEE,          )
                                        )   **C.C.A. NO. 01C01-9708-CC-00364**

      Appellee,              )
                                        )   **LEWIS COUNTY**

VS.                            )   **(No. 5505 Below)**
                                        )   **The Hon. Donald P. Harris**

**ROBERT GERRY JERNIGAN,**   )

                                        )   **(Certified Question of Law)**
      Appellant.             )   **AFFIRMED PURSUANT TO RULE 20**

## O R D E R

This matter is before the Court upon the state's motion requesting that the judgment in the above-styled cause be affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules. Based on our review, we affirm the judgment of the trial court pursuant to Rule 20.

The appellant pled guilty to driving under the influence, first offense, and attempts to appeal a certified question of law. Specifically, the appellant contends that he is eligible and entitled to judicial diversion. While the appellant concedes that this issue was decided in State v. Vasser, 870 S.W.2d 543 (Tenn. Crim. App. 1993), he asserts that the reasoning in Vasser was erroneous. Although we find this issue is without merit, the Court must first determine whether a certified question of law is properly before us.

In State v. Preston, 759 S.W.2d 647 (Tenn. 1988), our Supreme Court stated that when a defendant pleads guilty and wishes to reserve a certified question of law pursuant to Tenn. R. Crim. P. 37(b)(2)(i) or (iv), "the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved." Id. at 650. The defendant must assure that the final order complies with these requirements and that the record on appeal contains the proceedings necessary to a complete determination. Id.

In this case, the appellant failed to explicitly reserve the right to appeal a certified question of law that was dispositive of the case as mandated by Tenn. R. Crim. P. 37(b)(2)(iv) and Preston. See also State v. Pendergrass, 937 S.W.2d 834, 837-38 (Tenn. 1996). We are, therefore, precluded from considering whether the appellant was

entitled to judicial diversion. Even if we were to review this issue on the merits, we would not grant relief based on State v. Vasser, 870 S.W.2d 543, 547.

IT IS, THEREFORE, ORDERED that the state's motion to affirm the judgment of the trial court pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules is granted and the judgment of the trial court is affirmed. Costs are taxed to the appellant.

IT IS FURTHER ORDERED that the appellant's bond is hereby revoked. The appellant shall be taken into custody immediately by the proper authorities.

ENTER, this the _____ day of October, 1997.

_____
JOHN H. PEAY, JUDGE

CONCUR:

_____
DAVID H. WELLES, JUDGE

_____
THOMAS T. WOODALL, JUDGE