IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 9, 2012

## ROGER T. JOHNSON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 94-B-1113    J. Randall Wyatt, Jr., Judge**

<hr>

**No. M2012-00845-CCA-R3-CO - Filed February 14, 2013**

<hr>

The petitioner, Roger T. Johnson, appeals the Davidson County Criminal Court's summary dismissal of his pro se petition for a writ of error coram nobis. The petitioner maintains that the dismissal was error because newly discovered evidence reveals that his guilty pleas were the result of fraud; therefore, his pleas were not knowingly and voluntarily entered. Upon review, we affirm the judgment of the coram nobis court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JERRY L. SMITH and JOHN EVERETT WILLIAMS, JJ., joined.

Roger T. Johnson, Nashville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter, Lacy Wilber, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Amy Eisenbeck, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I.  Factual Background

On December 7, 1994, the petitioner pled guilty to first degree murder and second degree murder based upon the 1994 deaths of Patrice Phelps and her unborn child. The petitioner received consecutive sentences of life imprisonment and thirty years, respectively. Subsequently, the thirty-year sentence for second degree murder was modified to twenty-five years and eight months.

Thereafter, the petitioner filed a petition for post-conviction relief, alleging ineffective

assistance of counsel. The post-conviction court denied the petition, and, on appeal, this court affirmed the denial. Roger Terry Johnson v. State, No. 01C01-9705-CR-00172, 1998 WL 458101, at *1 (Tenn. Crim. App. at Nashville, Aug. 7, 1998).

Subsequently, the petitioner repeatedly pursued habeas corpus relief, filing four petitions for a writ of habeas corpus. First, on June 18, 2002, the petitioner filed a pro se petition, alleging that his plea agreement was breached by the trial court's amendment of the judgment, rendering his conviction void. See Roger T. Johnson v. State, No. M2002-02902-CCA-R3-CO, 2004 WL 443971, at *1 (Tenn. Crim. App. at Nashville, Mar. 5, 2004). The habeas corpus court denied the petition, and, on appeal, this court affirmed the denial pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Id.

The petitioner filed his second habeas corpus petition in March 2006, raising essentially the same grounds. The petition was dismissed, and no appeal was pursued from that dismissal. See Roger T. Johnson v. Wayne Brandon, Warden, No. M2007-00182-CCA-R3-HC, 2007 WL 3275274, at *1 (Tenn. Crim. App. at Nashville, Nov. 6, 2007).

In July 2006, the petitioner filed a third habeas corpus petition, once again raising issues regarding the trial court's amendment of the judgment of conviction. Id. The habeas corpus court dismissed the petition for failure to state a cognizable claim for habeas corpus relief, and, on appeal, this court affirmed the dismissal. Id. at *5.

In his fourth habeas corpus petition, the petitioner maintained that the trial court exceeded its jurisdiction by amending the judgment and imposing a sentence that was not provided for in the plea agreement. See Roger T. Johnson v. Ricky Bell, Warden, No. M2011-00945-CCA-R3-HC, 2012 WL 683105, at *5 (Tenn. Crim. App. at Nashville, Feb. 27, 2012). The habeas corpus court dismissed the petition, and this court affirmed the decision on direct appeal, concluding that the issues raised by the petitioner had been previously determined. Id.

Thereafter, on February 21, 2012, the petitioner filed the instant petition for a writ of error coram nobis. The petitioner averred that on February 16, 2011, he received correspondence from the "Director of Clinical Programs and professor of Law, The University of Tennessee College of Law, Innocence and Wrongful Convictions Clinic," which contained "newly discovered exculpatory evidence." He contended that the new evidence was a guilty plea petition, bearing the signatures of only the petitioner and counsel. The petitioner asserted that this petition was not the same petition reviewed with the petitioner in court during the guilty plea hearing. The petitioner maintained that if he had known that the petition "was not the petition canvassed in open court," he would have objected and proceeded to trial.

Attached to the coram nobis petition was a February 11, 2011 letter from Benjamin Barton, the Director of Clinical Programs and a professor at the University of Tennessee College of Law. In the letter, Barton stated that the petitioner had previously requested that the Tennessee Innocence Project (TIP) investigate his case. Barton informed the petitioner that the TIP was no longer in operation and that the Innocence Clinic at the College of Law could not accept his case. The letter reflected that Barton had enclosed the petitioner's "materials." Among the enclosed materials was a plea agreement dated December 7, 1994, stating that the petitioner was pleading guilty to first degree murder and receiving a sentence of life imprisonment. The agreement further stated that the petitioner was pleading guilty to second degree murder and receiving a Range II sentence of 25.8 years, which was the sentence ultimately imposed by the trial court. The agreement was signed by the petitioner and his counsel.

The coram nobis court dismissed the petition without appointing counsel or conducting an evidentiary hearing. The court found that the petition was not filed within the statute of limitations period for coram nobis claims. The court stated that even if due process required tolling, the petition was without merit. The court noted that the petitioner acknowledged that he signed the document and was aware of its existence. Further, the court held that the evidence was not exculpatory in that it did not prove the petitioner's innocence of the crimes, and, in fact, it was inculpatory because was an admission of the petitioner's guilt.

On March 22, 2012, the petitioner filed a motion, requesting that the court reconsider its decision. On April 4, the court issued an order, denying the motion.

On appeal, the petitioner challenges the denial of his petition for a writ of error coram nobis. He maintains that the "newly discovered" plea agreement establishes that his plea was induced by fraud, arguing that the sentence announced in open court was not the same as the sentence he agreed to in the "newly discovered" plea agreement.

## II. Analysis

Initially, we will address the coram nobis court's holding that the petition was filed outside the one-year statute of limitation. Tenn. Code Ann. § 27-7-103. The limitations period began to run thirty days after the entry of his guilty plea in 1994. See State v. Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996). Therefore, the limitations period expired long before the petitioner filed his petition for writ of error coram nobis.

Regardless, we note that the writ of error coram nobis is a post-conviction mechanism that has a long history in the common law and the State of Tennessee. See, e.g., State v.

<u>Vasques</u>, 221 S.W.3d 514, 524-26 (Tenn. 2007). It is now codified in Tennessee Code Annotated section 40-26-105(a) and (b), which provides:

> There is hereby made available to convicted defendants in criminal cases a proceeding in the nature of a writ of error coram nobis, to be governed by the same rules and procedure applicable to the writ of error coram nobis in civil cases, except insofar as inconsistent herewith. . . . Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

The writ "is an *extraordinary* procedural remedy . . . [that] fills only a slight gap into which few cases fall." <u>State v. Mixon</u>, 983 S.W.2d 661, 672 (Tenn. 1999). By its terms, the statute is "confined" to cases in which errors exist outside the record and to matters that were not previously litigated. Tenn. Code Ann. § 40-26-105(b). Where the case involves a matter that has been previously litigated, the writ will not lie unless the petitioner demonstrates that he was without fault in failing to present the evidence and that the evidence "may have resulted in a different judgment." <u>Id.</u>

Our supreme court has outlined the procedure that a coram nobis court considering a petition for a writ of error coram nobis is to follow:

> [T]he trial judge must first consider the newly discovered evidence and be "reasonably well satisfied" with its veracity. If the defendant is "without fault" in the sense that the exercise of reasonable diligence would not have led to a timely discovery of the new information, the trial judge must then consider both the evidence at trial and that offered at the coram nobis proceeding in order to determine whether the new evidence *may have* led to a different result.

<u>Vasques</u>, 221 S.W.3d at 527. In determining whether the new information may have led to a different result, the question before the court is "'whether a reasonable basis exists for concluding that had the evidence been presented at trial, the result of the proceeding might have been different.'" <u>Id.</u> (quoting <u>State v. Roberto Vasques</u>, No. M2004-00166-CCA-R3-CD, 2005 WL 2477530, at *13 (Tenn. Crim. App. at Nashville, Oct.

7, 2005)).  However, there are limits to the types of evidence that may warrant the issuance of a writ of error coram nobis.  See State v. Hart, 911 S.W.2d 371, 375 (Tenn. Crim. App. 1995).  Aside from the fact that the evidence must be both admissible and material to the issues raised in the petition,

> [a]s a general rule, subsequently or newly discovered evidence which is simply cumulative to other evidence in the record or serves no other purpose than to contradict or impeach the evidence adduced during the course of the trial will not justify the granting of a petition . . . when the evidence . . . would not have resulted in a different judgment.

Id. (citations omitted).

In the context of a guilty plea, "in order for a writ to issue, the appellant [has] to present newly discovered evidence which would show that his plea was not voluntarily or knowingly entered." Newsome v. State, 995 S.W.2d 129, 134. (Tenn. Crim. App. 1998); see also Wlodarz v. State, 361 S.W.3d 490, 501 (Tenn. 2012).  Thus, the coram nobis court must consider the impact of the newly discovered evidence on the validity of the petitioner's plea. A decision whether to grant a writ rests within the sound discretion of the coram nobis court. See Hart, 911 S.W.2d at 375.

As the coram nobis court found, the petitioner failed to provide any new evidence of actual innocence within the meaning of the coram nobis statute.  Instead, he provided a plea agreement dated December 7, 1994, which acknowledged his guilt and bore his signature, indicating his awareness of the evidence years before he filed the petition for a writ of error coram nobis.  Moreover, the petitioner has exhaustively litigated his claim that the trial court erred by amending the judgment of conviction to reflect a Range II sentence of 25.8 years following the entry of his guilty pleas. This court has repeatedly concluded that the trial court had jurisdiction to amend the judgment and that the petitioner's claim was without merit. See Roger T. Johnson, No. M2011-00945-CCA-R3-HC, 2012 WL 683105, at *5; Roger T. Johnson, No. M2007-00182-CCA-R3-HC, 2007 WL 3275274, at *5.  Accordingly, we conclude that the coram nobis court did not abuse its discretion in dismissing the petition.

### III.  Conclusion

In sum, we conclude that the coram nobis court did not er by dismissing the petition. The judgment of the coram nobis court is affirmed.

_____
NORMA McGEE OGLE, JUDGE