IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
September 19, 2001 Session

## STATE OF TENNESSEE v. SIGIFREDO RUIZ

**Direct Appeal from the Circuit Court for Williamson County**
**No. I-700-227     Donald P. Harris, Judge**

---

**No. M2000-03221-CCA-R3-CD - Filed October 17, 2001**

---

A Williamson County grand jury indicted the defendant on one count of possession of not less than ten pounds, one gram of marijuana nor more than seventy pounds of marijuana with intent to sell or deliver. Through counsel the defendant filed a motion to suppress any evidence or statements resulting from the allegedly unconstitutional search of the defendant's vehicle. When the motion to suppress was denied, the defendant waived his right to a trial by jury and pled guilty as charged. For this offense the trial court sentenced the defendant as a Range I, standard offender to two years, which would be suspended after the service of one hundred days, day for day; placed him on supervised probation for a period of four years; and fined him five thousand dollars. According to the Negotiated Plea Agreement form, there was also an agreement with the State that the defendant would later submit a certified question of law to this Court. Through this appeal the defendant asks us to consider two search related issues. However, the State asserts that the defendant did not properly reserve the certified questions, and, thus, this Court lacks jurisdiction to consider them. Finding the State's position has merit, we, therefore, dismiss this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Dismissed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which GARY R. WADE, P.J. and DAVID G. HAYES, J., joined.

Mario Ramos, Nashville, Tennessee, for appellant, Sigifredo Ruiz.

Paul G. Summers, Attorney General & Reporter; David H. Findley, Assistant Attorney General; Ron Davis, District Attorney General; and Derek K. Smith, Assistant District Attorney, for appellee, State of Tennessee.

## OPINION

## Factual Background[1]

The defendant faced D felony possession of marijuana charges stemming from the search of his pick-up truck. As aforementioned, the defendant pled guilty to the charged offense and received a two year sentence to be suspended after the service of one hundred days, day for day; four years on supervised probation; and a five thousand dollar fine. The videotapes of the defendant's guilty plea submission hearing and of his sentencing hearing unquestionably reflect his intent to seek appellate review of a certified question.[2] Furthermore, the technical record supports this intent. Prior to entering his plea, the defendant signed a form entitled "Negotiated Plea Agreement." Also written on the form is the following statement: "Will submit certified question to Court Criminal Appeal [sic] in a separate order." In keeping with that statement, the record presented includes an agreed order submitting for review to this Court whether "the stop and search [was] constitutional under the 4th Amendment" and whether "the use of the canine [was] constitutional under the 4th Amendment." Since this was an agreed order, the State at the trial court level obviously offered no opposition. Nevertheless, at the appellate level the State filed a motion to dismiss contending that this Court lacked jurisdiction because the alleged certified questions were not properly reserved. This Court denied the motion, ordering the State "to file an appellate brief . . . includ[ing] a response to the [defendant's] contention that his guilty plea should be vacated." Within its brief the State again argued that this Court did not have jurisdiction to consider the matters raised by the defendant. After reviewing the State's threshold issue, we find it to have merit and, therefore, dismiss the defendant's appeal.

## Alleged Improper Reservation of a Certified Question of Law

Under the Tennessee Rules of Criminal Procedure, a defendant pleading guilty may reserve for appeal a certified question of law dispositive of his or her case. Tenn. R. Crim P. 37(b)(2)(i), (iv). In State v. Preston, 759 S.W.2d 647 (Tenn. 1988), the Tennessee Supreme Court set out the required steps to successfully preserve this type of appeal. Id. at 650. The Preston Court stated:

> Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by [the] defendant for appellate review[,] and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved .... Without an explicit statement of the certified question, neither the defendant, the

---

[1] Because we find the jurisdictional issue raised by the State determinative, we limit our factual presentation to only the procedural aspects of the case.

[2] During the plea submission hearing, defense counsel even asked a question concerning the procedure for reserving the certified questions because of his unfamiliarity with this type of appeal.

> State[,] nor the trial judge can make a meaningful determination of whether the issue sought to be reviewed is dispositive of the case . . . .. Also, the order must state that the certified question was expressly reserved as part of the plea agreement, that the State and the trial judge consented to the reservation[,] and that the State and the trial judge are of the opinion that the question is dispositive of the case. Of course, the burden is on [the] defendant to see that these prerequisites are in the final order....

Id.

Approximately eight years later, our supreme court quoted this language with approval in State v. Pendergrass, 937 S.W.2d 834, 836-37 (Tenn. 1996). During Pendergrass' plea, reference was clearly made to his reservation of a certified question of law. Id. at 835. Nevertheless, the judgment subsequently entered on January 15, 1993, contained no mention of a reservation of the right to appeal a dispositive certified question of law. Id. On February 12, 1993, "the defendant filed a notice of appeal 'pursuant to Rule 37,'" and one week later "the trial court entered an order, purporting to note the appeal of a certified question of law." Id. However, the supreme court dismissed the appeal. Id. at 838.

In support of its dismissal, the Pendergrass court cited the defendant's failure to comply with Preston, which resulted in the appellate court's lack of jurisdiction. Id. at 837-38. The supreme court observed, for example, that the judgments did not reference the reservation of a certified question; that the judgments did not contain a statement indicating that the certified question would be dispositive of the case; that the judgments did "not refer to or incorporate any other independent document which would satisfy the Preston requirements," etc. Id. at 837. Furthermore, the supreme court observed that the trial court had lost jurisdiction upon the defendant's filing of his notice of appeal. Id. at 837-38. Along this line the Pendergrass Court agreed with the State's portrayal of the February 19th order as "an attempt to confer jurisdiction on the Court of Criminal Appeals to hear and determine a Preston appeal where no jurisdiction existed because of noncompliance with Rule 37." Id. at 837. The supreme court further found that even if these matters had not precluded review, the order did not clearly identify "the scope and limits of the legal issue reserved." Id. at 838.

Turning to the case presently before this Court, we find the rationale of Pendergrass controlling because of numerous factual similarities. For example, the defendant in the instant appeal made reference within his plea agreement form to reserving a certified question of law. However, no mention was made of this in the judgment entered on December 4, 2000. On December 11, 2000, the defendant filed his notice of appeal and on the same day mailed to the assistant district attorney handling the defendant's case a copy of the aforementioned agreed order outlining the certified questions. The record reflects that the Williamson County Circuit Court Clerk's Office received the agreed order on the 12th, and the trial judge signed the order on the 13th. As in Pendergrass, the order containing the certified questions was entered after the defendant had filed his notice of appeal; therefore, the trial court no longer had jurisdiction to cure the flaws in the appeal. Furthermore, the agreed order includes no statement that the certified questions listed are dispositive of the case. We

also note that the questions listed lack the requisite limitation of the issues presented.[3] See e.g., State v. Randall L. Cheek, No. M2000-00203-CCA-R3-CD, 2000 WL 1838584, at *4 (Tenn. Crim. App. at Nashville, Dec. 14, 2000).

Our decision is further informed by the more recent case of State v. Danny Harold Ogle, No. E2000-00421-CCA-R3-CD, 2001 WL 38755 (Tenn. Crim. App. at Knoxville, Jan. 17, 2001, permission to appeal denied, June 4, 2001). At the time of Ogle's plea, all parties involved were aware that he intended to reserve a certified question for appeal. Id. at *1. Both his plea agreement form and the transcript of his plea submission reflected this. Id. Nevertheless, the judgment entered on January 14, 2000 does not include the question though it does state: "CERTIFIED QUESTION OF LAW RESERVED FOR APPEAL (SEE SUPPLEMENTAL ORDER)." Id. On February 17, 2000, the trial judge signed and the trial clerk entered the referenced supplemental order. Id. However, the defendant had filed his notice of appeal one week previously. Id. Among other considerations, the court ruled that the trial court's supplemental order was "a nullity"[4] and could not cure the Preston defects that prevented this Court from acquiring jurisdiction. Id. at *2-3. To further support its determination, the court provided numerous cases affirming "that the Preston requirements are jurisdictional." Id. at * 3.

In sum, through Preston in 1998, our supreme court outlined the procedure to be followed to preserve a certified question for appeal. Preston, 759 S.W.2d at 650. It emphatically re-affirmed this procedure in Pendergrass. Pendergrass, 937 S.W.2d at 836-37. Thus, presented with the facts of the instant case, this Court must conclude that the defendant has not complied with Preston and that we are, therefore, precluded from considering the matters raised by the defendant.

The question then remains as to the proper disposition of this appeal in view of our conclusion that we do not have jurisdiction to consider this appeal. This Court has entered inconsistent opinions with respect to this issue. In State v. Ogle 2001 WL 38755, at *3, a panel of this Court declined to go ahead and vacate the guilty plea and simply dismissed the appeal. The panel found that a post-conviction petition was the proper vehicle for determining whether the defendant's guilty pleas were involuntary or the product of ineffective assistance of counsel because they were premised on the belief that his certified question would be decided on the merits. Id.

In State v. Cheek, 2000 WL 1838584, at *4-5, another panel of this Court, after finding an improper reservation of a certified question and thus a lack of jurisdiction, nevertheless went ahead and vacated the guilty plea as being involuntary because it was based on a belief that the certified question would be considered.

---

[3] In Pendergrass, our supreme court provided guidance regarding the detail needed to preserve certified questions. Pendergrass, 937 S.W.2d at 650. The supreme court stated:

> For example, where questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by [the] defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise.

Id.

[4] The court also observed that Ogle's supplemental order was filed thirty days after the entry of the judgment, which had, therefore, become final. Ogle, 2000 WL 38755, at *3.

Having reviewed the opinions in both Ogle and Cheek, we have concluded that the better procedure is to simply dismiss the appeal. Because the reasons a defendant pleads guilty may be varied, it is not necessarily the case that the inducement to pled guilty is the ability to have a certified question considered on appeal. The defendant may have pled guilty even without the certified question. Such questions are better answered at an evidentiary hearing in a post-conviction proceeding. We therefore adopt Ogle as providing the proper disposition of appeals under the circumstances presented by the instant case. That portion of the opinion in Cheek indicating the appropriate disposition in such cases is the vacation of the guilty plea by the appellate court is hereby expressly overruled.

## Conclusion

For the foregoing reasons, we find that the State's issue has merit. Accordingly, the defendant's appeal is DISMISSED.

_____
JERRY L. SMITH, JUDGE