# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs September 18, 2001

## STATE OF TENNESSEE v. TIMOTHY S. OGLESBY

**Direct Appeal from the Circuit Court for Coffee County**
**No. 29,985     L. Craig Johnson, Judge**

---

**No. M2000-02134-CCA-R3-CD - Filed February 21, 2002**

---

The appellant, Timothy S. Oglesby, pled guilty to the offense of felonious possession of a weapon. He received a two (2)-year sentence. Contemporaneously with the entry of the guilty plea the appellant and the State entered an agreed order purporting to reserve a certified question of law for appeal pursuant to Tennessee Rule of Criminal Procedure 37(b)(2)(i). The certified question of law alleged to be dispositive of the case is stated in the agreed order as "the denial of his suppression motion." We hold that the absence in the judgment of the certified question of law or of a statement incorporating the agreed order into the judgment compels a dismissal of this appeal. In addition, the failure of the agreed order to set forth the certified question with sufficient specificity compels the dismissal of this appeal even if the agreed order had been incorporated by reference into the judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and DAVID G. HAYES, J., joined.

Cynthia M. Fort, Nashville, Tennessee, for appellant, Timothy S. Oglesby.

Paul G. Summers, Attorney General & Reporter; David H. Findley, Assistant Attorney General; Mickey Layne, District Attorney General; and Kenneth Shelton, Assistant District Attorney, for appellee, State of Tennessee.

## OPINION

Tennessee Rule of Criminal Procedure 37(b)(2) and Tennessee Rule of Appellate Procedure 3(b) provide that an appeal may be sought from the entry of a guilty plea if the defendant explicitly reserved the right to appeal a certified question of law that is dispositive of the case with the consent of both the state and the trial court. In State v. Preston, 759 S.W.2d 647, 650 (Tenn. 1988), our supreme court stated that when a defendant pleads guilty and wishes to reserve a certified question of law pursuant to Tennessee Rule of Criminal Procedure 37(b)(2)(i) or (iv),

regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved. . . . Also, the order must state that the certified question was expressly reserved as part of a plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the question is dispositive of the case.

Id. at 650. Moreover, it is the defendant's responsibility to assure that the final judgment or order complies with these requirements and that the record on appeal contains the proceedings necessary for a complete determination. Id.

Approximately eight years later, our supreme court quoted this language with approval in State v. Pendergrass, 937 S.W.2d 834, 836-37 (Tenn. 1996). During Pendergrass' plea, reference was clearly made to his reservation of a certified question of law. Id. at 835. Nevertheless, the judgment subsequently entered on January 15, 1993 contained no mention of a reservation of the right to appeal a dispositive certified question of law. Id. On February 12, 1993, "the defendant filed a notice of appeal 'pursuant to Rule 37,'" and one week later on February 19, "the trial court entered an order, purporting to note the appeal of a certified question of law." Id. However, the supreme court dismissed the appeal. Id. at 838.

In support of its dismissal, the Pendergrass court cited the defendant's failure to comply with Preston, which resulted in the appellate court's lack of jurisdiction. Id. at 837-38. The supreme court observed, for example, that the judgments did not reference the reservation of a certified question; that the judgments did not contain a statement indicating that the certified question would be dispositive of the case; that the judgments did "not refer to or incorporate any other independent document which would satisfy the Preston requirements," etc. Id. at 837. Furthermore, the supreme court observed that the trial court had lost jurisdiction upon the defendant's filing of his notice of appeal. Id. at 837-38. Along this line the Pendergrass court agreed with the State's portrayal of the February 19th order as "an attempt to confer jurisdiction on the Court of Criminal Appeals to hear and determine a Preston appeal where no jurisdiction existed because of noncompliance with Rule 37." Id. at 837. The supreme court further found that even if these matters had not precluded review, the order did not clearly identify "the scope and limits of the legal issue reserved." Id. at 838.

In the instant case the judgment does not contain a statement of the certified question of law reserved for appeal. Although the agreed order entered contemporaneously with the guilty plea does purport to set forth a certified question, the judgment does not reference this order at all. Moreover, the agreed order simply states that the certified question involves the denial of the appellant's motion to suppress. The grounds for the motion, the basis on which it was decided, and the manner in which the trial court allegedly erred in deciding the motion are not set forth. The certified question is

therefore not "stated so as to clearly identify the scope and limits of the legal issue reserved." <u>Id.</u> at 836.

We hold that the failure to comply with the requirements of <u>Preston</u> and <u>Pendergrass</u> deprive this Court of jurisdiction to entertain the instant appeal. Accordingly, the instant appeal is hereby dismissed. <u>See</u> <u>State v. Sigifredo Ruiz</u>, No. M2000-03221-CCA-R3-CD, 2001 WL 1246397, at **2 - 4, (Tenn. Crim. App. at Nashville, Oct. 17, 2001).

_____
JERRY L. SMITH, JUDGE