IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 1, 2006 Session

## STATE OF TENNESSEE, EX REL. JULIE POLLARD

v.

## JAMES CASTLEMAN

**An Appeal from the Juvenile Court for Gibson County**
**No. 7213     Robert W. Newell, Judge**

**No. W2006-00411-COA-R3-JV - Filed January 25, 2007**

This is a petition for contempt for failure to pay child support.  After a hearing, the trial court entered an order dismissing the petition and reducing the respondent's child support arrearage by $2,000. The petitioner now appeals, arguing that the trial court erroneously ordered a retroactive modification of the original child support order.  We reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court is Reversed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Paul G. Summers, Attorney General and Reporter, and Warren Jasper, Assistant Attorney General, Nashville, Tennessee, for the appellant, State of Tennessee ex rel. Julie Pollard.

Steven L. West, McKenzie, Tennessee, for the appellee, James Castleman.

**MEMORANDUM OPINION**[1]

Julie Pollard ("Mother") and Respondent/Appellee James Castlemen ("Father") are the biological parents of the child involved in this action, B.M.C. (born May 5, 2000).  In February 2001,

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Father filed a petition to establish paternity and for custody of the child. Paternity was not contested by Mother. In October 2001, the trial court conducted a hearing on the issue of custody. On October 9, 2001, the trial court entered an order denying Father's petition for custody, permitting Mother to retain custody of B.M.C., and requiring Father to pay Mother $66 per week in child support.

On October 21, 2003, the State of Tennessee ("State"), on behalf of Mother, filed a petition for civil contempt against Father for failure to pay child support. On March 31, 2004, Father filed a motion for modification of the child support order. Father asserted that his income had substantially decreased since the previous order had been entered, and he argued that this was a material change in circumstances which warranted modification of his child support obligation. Father also requested that his commercial driver's license, which had been revoked, be reinstated for employment purposes. On April 6, 2004, a hearing was conducted in the matter. On April 12, 2004, the trial court entered an order concluding that MAXIMUS Child Support Services, acting as an agent of the State, was in contempt of court for taking the administrative actions of revoking Father's driver's license and withholding Father's tax refund without a valid court order. The trial court also ordered that Father's commercial driver's license be reinstated. Issues regarding custody, visitation, and child support modification were held in abeyance until a later date.

On September 13, 2004, a consent order was entered resolving several outstanding issues, including Father's motion for modification of child support. The consent order gave Mother a judgment of $6,298.52 in child support arrearages and reduced Father's support obligation to $32.31 per week, plus an additional $10 per week toward the arrearage.

On March 1, 2005, the State, on behalf of Mother, filed a petition for contempt against Father in the trial court for failure to pay child support. In its petition, the State alleged that Father had refused to pay child support as ordered and that he had a total arrearage of $7,682.52 as of January 31, 2005. On May 31, 2005, the trial court heard arguments from counsel for the parties on the State's petition for contempt. At the hearing, counsel for Father claimed that Father had recently secured employment and was planning to make child support payments. Father's attorney further suggested that Father be reimbursed for the $2,000 that he expended in attempting to have his revoked driver's license reinstated. In response, counsel for the State told the trial court that the matter had been resolved in its April 2004 order, that the trial court had declined to impose sanctions on the State at that time, and maintained that the issue of reimbursement was not properly before the court. At the conclusion of the hearing, the trial court dismissed the State's petition and ordered that the $2,000 expended by Father in attempting to get his license reinstated be applied to Father's child support arrearage. On June 16, 2005, the trial court entered an order consistent with its oral ruling.

On June 30, 2005, the State filed a motion to alter or amend the trial court's June 16 order asserting, among other things, that the trial court's forgiveness of the $2,000 in Father's child support arrearage was an impermissible modification of a valid child support order. Furthermore, the State asserted, Father's commercial license was revoked based on a safety violation, not based on his failure to pay child support, and that he paid approximately $140, not $2,000, to have the license reinstated. On December 13, 2005, after a brief hearing, the trial court denied the State's motion to

alter or amend.  On January 25, 2006, the trial court entered an order consistent with its oral ruling. From that order, the State now appeals.

On appeal, the State makes the same argument as it did in the court below, that the trial court was without authority to forgive $2,000 of Father's child support arrearage, because such forgiveness constitutes an impermissible retroactive modification of a valid child support order.  In response, on September 16, 2006, Father filed a motion in this Court to dismiss the State's appeal as moot, referring to a "Permanent Parenting Plan Order" that was agreed to by Mother and Father and filed in the trial court on September 12, 2006.  In the agreed order, Mother acknowledges that Father paid her all past due support, including the $2,000 forgiven by the trial court.  The agreed order further states that Father agrees to waive the forgiveness of the $2,000 in child support and has paid it to Mother.  In response to Father's motion to dismiss, the State asserted that it was not given notice of the subsequent order entered by the trial court, and that it did not agree to the terms of the order. Moreover, the State argued, the trial court was without jurisdiction to set aside its previous order once the notice of appeal was filed with this Court.  On October 2, 2006, this Court denied Father's motion to dismiss the State's appeal.

Subsequently, Father filed his appellate brief.  In his brief, Father does not dispute the alleged error asserted by the State.  Rather, similar to his motion to dismiss, Father argues that the order from which the State now appeals was set aside by the trial court's September 12, 2006 order, and that, therefore, the issue raised by the State is now moot.  He maintains that he should not be required to pay additional court costs for the rendering of an appellate decision that has been made moot by subsequent facts.  In response to Father's brief, the State maintains its position that the trial court was without jurisdiction to enter the subsequent order and that the order, therefore, is void and should not be considered by this Court in adjudicating this appeal.

At the outset, we must decline to consider the September 2006 order upon which Father relies.  First, Father made no attempt to properly supplement the appellate record with a copy of the September 2006 order, and we may not consider documents not properly included in the appellate record.  Furthermore, the undisputed facts show that trial court was without jurisdiction to enter the order.  Generally, a trial court's judgment becomes final thirty days after its entry unless a timely notice of appeal or post-trial motion has been filed.  *State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996).  Once a judgment becomes final, the trial court loses jurisdiction over the case and it cannot amend its order "even if the parties agree to the trial court's action." *Chorost v. Chorost*, No. M2000-00251-COA-R3-CV, 2003 WL 21392065, at *4 (Tenn. Ct. App. June 17, 2003).[2]  The final order from which the State appeals was entered in January 2006, a notice of appeal was filed in February 2006, and the order upon which Father relies as "setting aside" the order appealed from was

---

[2]The trial court does retain jurisdiction to handle some matters, particularly in domestic cases, even after the notice of appeal has been filed.  These exceptions to the general rule are not pertinent to this appeal.

entered in September 2006, well after the January order was appealed.[3] Thus, the trial court was without jurisdiction to enter the September 2006 order, and the order is void *ab initio*.

We now turn to the merits of the issue on appeal. The issue raised on appeal by the State, whether the trial court's order constituted an unlawful retroactive modification of the operative child support order, is a question of law, which we review *de novo* with no presumption of correctness in the trial court's decision. Tenn. R. App. P. 13(d).

Child support must be awarded pursuant to the Child Support Guidelines, which have the force of law. ***Nash v. Mulle***, 846 S.W.2d 803, 804 (Tenn. 1993). A child support order is entitled to be enforced just as any other judgment issued in a court of law. ***See*** T.C.A. § 36-5-101(f)(1) (2005). Father does not challenge the validity of the child support orders entered in this case.

Retroactive modification of a valid child support order has long been held to be an impermissible exercise of a trial court's authority. ***Rutledge v. Barrett***, 802 S.W.2d 604, 607 (Tenn. 1991); ***see Johnson v. Johnson***, No. E2003-00130-COA-R3-CV, 2003 WL 22258180, at *3 (Tenn. Ct. App. Sept. 29, 2003) (finding that "[i]t is well-settled that child support payments cannot be altered, reduced or forgiven by the court once they become due"). Furthermore, equitable defenses are not applicable to the enforcement of a valid child support order. ***Rutledge***, 802 S.W.2d at 607. "To permit the interposition of traditional equitable defenses to the enforcement of child support orders would obviously defeat the very purpose of the amendment [to T.C.A. § 36-5-101], by creating a situation where exceptions could easily swallow up the rule." ***Id.*** Thus, the trial court had no authority to forgive $2,000 of Father's court-ordered child support based on the alleged cost of getting his driver's license reinstated. Consequently, such an order constituted an impermissible retroactive modification of the operative child support orders. Accordingly, we reverse the trial court's decision and remand for further proceedings not inconsistent with this Opinion, at which time the trial court may consider any post-judgment facts and any other issues raised by the parties.

The decision of the trial court is reversed. Costs on appeal are to be taxed to Appellee James Castleman, for which execution may issue, if necessary.

_____

HOLLY M. KIRBY, JUDGE

---

[3]Father could have sought permission from this Court to remand the cause or hold the appeal in abeyance for the trial court to consider the subject matter of the September 2006 order, but he did not do so.