# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
September 9, 2008 Session

## ERSKINE LEROY JOHNSON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-29609     John P. Colton, Jr., Judge**

---

**No. W2007-01546-CCA-R3-CO  -  Filed September 30, 2009**

---

JOHN EVERETT WILLIAMS, J., dissenting.


I acknowledge that the majority opinion does not grant error coram nobis relief to this defendant but merely remands the case to the trial court for the purpose of the trial court applying the proper standard of review. I simply disagree with the majority's conclusion; therefore, I dissent. The State argues that the one-year statute of limitations bars proceeding with the petitioner's claims. The majority is unsure as to what date the statute began running under the facts of this case but has concluded, in any event, that due process requires the tolling of the statute. I conclude that the statute began to run thirty days after the judgment of conviction was entered on June 27, 1985. Our supreme court has specifically held that, as to a petition for writ of error coram nobis, "[a] judgment becomes final in the trial court thirty days after its entry if no post-motions are filed" and that "[i]f a post-trial motion is timely filed, the judgment becomes final upon entry of an order disposing of the post-trial motion." *State v. Mixon*, 983 S.W.2d 661, 670 (Tenn. 1999) (citing Tenn. R. App. P. 4(c); *State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996)). The petitioner did not file his petition for writ of error coram nobis until April 22, 2005. Because I agree with the State that the so-called new information either could or should have been discovered during the first trial, I disagree with the majority that due process requires tolling the statute of limitations. Thus, I would dismiss the petitioner's claim as time barred.

Nonetheless, the majority reviewed the merits of the petition and concluded that the error coram nobis court used the wrong standard of review by requiring that the new evidence show that it "would have changed" the verdict rather than "may have" produced a different result. While I agree that the court at times may have misstated the standard, I conclude that none of the individual claims should have been considered on the merits at all, as no new credible evidence was before this court. Therefore, regardless of the standard applied by the trial court, the petition was properly denied.

Looking to the individual claims made by the petitioner, I cannot characterize any of his assertions as new evidence. First is the affidavit of Dennis Williams, wherein he purports to recant

all the testimony he gave at trial. The error coram nobis court specifically found that the affidavit was not credible or truthful. That being the case, such "new evidence" could not be considered. The first hurdle the petitioner must get over before his petition is to be considered on the merits is to present evidence that the error coram nobis court believes to be true. Here, the petitioner failed. Thus, regardless of the statute of limitations or standard of review used by the error coram nobis court, this information does not merit review.

Next is the affidavit of Tommy Perkins, which the petitioner claims is a recantation of his earlier testimony. However, the error coram nobis court determined it was not a recantation but merely the same testimony stated another way. I agree with the error coram nobis court as Mr. Perkins merely acknowledged his uncertainty about his identification, which he also acknowledged during the trial. There being no recantation, there is no "new evidence" which requires consideration of the merits of the petition.

Finally, I look at the information that might be considered to show a connection between Elizabeth Starks and Mary Joe Ford. After review, I am unclear exactly how to characterize this information. First, I do not believe it is sufficient to show a relationship existed between the parties, which should have been easily established if kinship in fact exists. Regardless, I am not clear as to how showing kinship alone makes a difference. Even if the petitioner proves that the two women were related, and knew of the relationship, his argument asks the court to accept, as "new evidence," that Ms. Starks would automatically lie to protect her cousin's boyfriend based solely upon that relationship. This argument is clearly misplaced as the information is so speculative that, in my opinion, it does not rise to the level of evidence at all. It is merely innuendo of what Ms. Starks might have done. I am sure that in most every case tried, after twenty years, one could find a bias or prejudice in a witness which was not explored at trial, but I fail to see how finality could be reached in any case if we treated this as "new evidence" for purposes of coram nobis relief.

_____
JOHN EVERETT WILLIAMS, JUDGE